THE STATE OF KANSAS v. ROBERT MAY.
No. 10654.

JURISDICTION — *of criminal case; that accused brought illegally from another county does not affect.* A district court of a county where a felony has been committed has jurisdiction to try the alleged offender, duly bound over on regular process, although he was originally arrested in another county without warrant and forcibly brought into the county where the crime was committed.

*Appeal from Harvey District Court.*
*Hon. F. L. Martin, Judge.*

REVERSED AND REMANDED.     OPINION FILED NOVEMBER 7, 1896.

*F. B. Dawes*, Attorney General, and *C. E. Branine*, County Attorney, for appellant.

*Bowman & Bucher*, for appellee.

MARTIN, C. J.   May was arrested without a warrant in Sumner County on December 22, 1895, on suspicion of having committed the crimes of burglary and larceny on the preceding day in Harvey County. He was forcibly taken to the latter county by a deputy sheriff and placed in jail until the next day when a complaint was filed before a justice of the peace of that county charging him with the commission of said crimes ; and he was then arrested upon a warrant issued in regular form and was bound over to the District Court where an information was filed against him on February 4, 1896.   Afterward the defendant filed a special plea in abatement to the jurisdiction of the court by reason of his illegal arrest in and forcible abduction from Sumner County ; and on May 11, 1896, said plea was sustained, and the defendant was discharged and permitted to go at large, and he was given time to return to the place where he had been arrested in Sumner County.   The State excepted, and reserved the question for the consideration of this Court.

This ruling was erroneous.   The learned trial judge was probably misled by a clause in the opinion of this Court in *The State v. Hall*, 40 Kan. 338, 340.   In that case it was held that "an alleged fugitive from justice extradited from one state to another can be prosecuted in the state to which he has been extradited only for the offense for which he was extradited until after he has had a reasonable time and opportunity afforded him to return to the place from which he was extradited."   And in the opinion the court said : "This rule of law is applied in cases of separate jurisdictions, whether the separate jurisdictions are cities, counties, districts, states, or foreign countries."

The language above quoted from the opinion in the Hall case as to such separate jurisdictions as cities, counties and districts, must be regarded as *dictum* only, and certainly erroneous. It may be that a person illegally arrested in another county has a civil remedy for the trespass and false imprisonment, but this does not divest the court into which he is brought of the right to try him upon the criminal charge preferred against him.

The District Court of Harvey County had jurisdiction to try the defendant notwithstanding the irregularity or the illegality of his original arrest in Sumner County. No other sovereignty was invaded. A warrant might have been properly served upon the defendant in any county of the State, whose sovereignty is coextensive with its external boundaries, and the jurisdiction of whose courts for the apprehension of alleged offenders upon proper process is not affected by county lines. His original arrest was irregular, but this does not affect the jurisdiction of the court into which he was afterward brought by regular process of law.

The judgment of the court below must be reversed with direction to overrule the plea in abatement to the jurisdiction of the court.

All the Justices concurring.