### STATE v. JOHN FOLGER.

(Filed 9 June, 1937.)

Automobiles § 31—**Driving automobile without due caution at speed or in manner endangering persons of property constitutes reckless driving.**

A defendant is guilty under N. C. Code, 2621 (45), if he drives an automobile on a public highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, and an instruction that he would be guilty under this section if he drove an automobile without due caution and circumspection, or at a speed or in a manner so as to endanger or be likely to endanger any person or property is reversible error as failing to include all the facts constituting the statutory offense.

APPEAL by defendant from *Armstrong, J.,* at December Term, 1936, of FORSYTH.    New trial.

The defendant was tried in the Superior Court of Forsyth County on a criminal warrant issued by the municipal court of the city of Winston-Salem, N. C., in which it was charged that "the defendant, John Folger, on or about 16 June, 1936, within the corporate limits of the city of Winston-Salem, did unlawfully and willfully operate a motor vehicle upon a public highway in a dangerous and reckless manner, carelessly and heedlessly in willful and wanton disregard of the rights and safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger the persons and property of others against the statute in such cases made and provided."

At the trial, the evidence for the State tended to show that between 4 and 5 o'clock, during the afternoon of 16 June, 1936, the defendant drove an automobile along Fourth Street in the city of Winston-Salem, and into the intersection of said street with Patterson Avenue, at a speed of 40 to 50 miles per hour, and collided with an automobile driven by Clyde Myers on Patterson Avenue, into said intersection at a speed in excess of 50 miles per hour.

The evidence for the defendant tended to show that before entering into the intersection of Fourth Street and Patterson Avenue, the defendant stopped his automobile, and looked in both directions along Patterson Avenue, and because of tall buildings located on said avenue, did not see the automobile driven by Clyde Myers along said avenue, and thereafter entered said intersection; and that the collision between the automobile driven by the defendant and the automobile driven by Clyde Myers was caused by the negligence of Clyde Myers in entering the intersection at an excessive rate of speed, and without giving warning of his approach to said intersection.

The court in its charge instructed the jury as follows:

"Now, the court charges you that if the State has satisfied you beyond a reasonable doubt that the defendant drove his automobile upon a public highway or street in the city of Winston-Salem, at the time and place alleged, carelessly—that is, without due care or reasonable care, and heedlessly—that is, without reasonable heed, and in willful and wanton disregard of the rights or safety of others, that is, in an intentional or reckless disregard of the rights and safety of others—then he would be guilty of reckless driving; (or if the State has satisfied you from all the evidence in this case that the defendant operated his automobile upon a public highway or street of the city of Winston-Salem without due caution and circumspection, or at a speed, or in a manner so as to endanger or be likely to endanger any person or property on the public street, then and in that event, if you so find beyond a reasonable doubt, from the evidence, it would be your duty to convict the defendant of reckless driving as charged in the warrant).

The defendant duly excepted to that portion of the foregoing instruction which is included in parentheses.

The jury returned a verdict of guilty. From judgment that he pay a fine of twenty-five dollars and one-half the costs of the action, the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Folger & Folger for defendant.*

CONNOR, J.   The defendant was charged with a violation of a statute which reads as follows:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in a willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving, and upon conviction shall be punished as provided in section 60 of this act."   Section 3, chapter 148, Public Laws of North Carolina, 1927; N. C. Code of 1935, section 2621 (45).

Under this statute, a person is guilty of reckless driving (1) if he drives an automobile on a public highway in this State, carelessly and heedlessly, in a willful or wanton disregard of the rights or safety of others, or (2) if he drives an automobile on a public highway in this State without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property.

At the trial of this action the court instructed the jury as follows:

"If the State has satisfied you from all the evidence in this case that the defendant operated his automobile upon a public highway or street in the city of Winston-Salem without due caution and circumspection, *or* at a speed, or in a manner so as to endanger or be likely to endanger any person or property on the public street, then and in that event, if you so find beyond a reasonable doubt, from the evidence, it will be your duty to convict the defendant of reckless driving as charged in the warrant."

There is error in this instruction, for which the defendant is entitled to a new trial.   The jury should have been instructed that if they were satisfied beyond a reasonable doubt, by the evidence, that the defendant operated his automobile on a public highway or street in the city of Winston-Salem, without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property on said public highway or street, then and in that event it would be their duty to convict the defendant of reckless driving, as charged in the warrant.   Where the defendant in a criminal action is charged with a statutory crime, it is incumbent on the State to satisfy the jury beyond a reasonable doubt, by the evidence, of all the facts which constitute the crime as defined by the statute.

The defendant is entitled to a new trial.   It is so ordered.

New trial.