## STATE v. CLARENCE SUTTON, JR.

(Filed 31 October, 1956.)

**1. Automobiles § 63: Criminal Law § 12a—**

The fact that the arrest of defendant was illegal because municipal police officers pursued defendant and arrested him outside the corporate limits of the municipality does not affect the jurisdiction of the court over the offense for which defendant was arrested, and the court may try defendant on a valid warrant charging him with driving at a speed in excess of 80 miles per hour.

**2. Automobiles § 65—**

An instruction that a person is guilty of reckless driving if he intentionally violates a traffic law must be held for prejudicial error, even though in other parts of the charge the court correctly defines reckless driving.

**3. Criminal Law § 83—**

Where there is no error in the trial on one count, but the sentence thereon is made to begin at the expiration of the sentence on another count upon which a new trial is awarded, the judgment on the count upheld must be set aside and the cause remanded for judgment.

JOHNSON, J., not sitting.

APPEAL by defendant from *Bone, J.,* March Term, 1956, of LENOIR.

This is a criminal action. The defendant was charged in a warrant issued on 15 January 1956 by the Municipal-County Court of the City of Kinston and Lenoir County, North Carolina, with (1) speeding in excess of 80 miles per hour, (2) reckless driving, and (3) malicious damage to property. A second warrant was issued on the above date by the same court charging the defendant of an assault on Jack Chase with a deadly weapon, to wit, a knife, inflicting serious bodily injury. A third warrant was issued by the same court on 27 January 1956 charging that on 15 January 1956 the defendant did (1) assault F. H. Hart with a deadly weapon, to wit, an automobile, (2) disturb a public meeting, and (3) commit a breach of the public peace.

The defendant was tried and convicted on each count in the respective warrants in the Municipal-County Court. He appealed to the Superior Court where the cases were consolidated for trial and heard *de novo.*

The State's evidence tends to show among other things that the defendant fled from the City of Kinston in his automobile at a high and excessive rate of speed while being pursued by police officers of the City, who continued to pursue him beyond the corporate limits of the City of Kinston. The officers were unable to overtake and arrest the defendant until he reached his father's home, 15 miles from Kinston,

although they pursued him at times at a rate of speed in excess of 90 miles an hour.

At the close of the State's evidence the defendant moved for judgment as of nonsuit as to each count in the three warrants. The motion was allowed as to all the charges except speeding in excess of 80 miles per hour and reckless driving. The jury returned a verdict of guilty on both counts. The court imposed a judgment of 60 days in jail and assigned the defendant to work the roads under the supervision of the State Highway and Public Works Commission on the reckless driving count. A similar judgment was imposed on the count of speeding, the sentence for speeding to commence at the expiration of the sentence for reckless driving.

The defendant appeals, assigning error.

*Attorney-General Patton and Assistant Attorney-General Behrends for the State.*

*J. Harvey Turner for defendant.*

DENNY, J. The defendant in his first assignment of error challenges the right of the State to put him on trial for speeding and reckless driving on the ground that he was arrested by a policeman of the City of Kinston outside the corporate limits of the City, citing *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907.

In the above cited case, *Winborne, J.,* now *Chief Justice,* in considering the authority of a municipal police officer to make an arrest outside the corporate limits of his municipality, said: ". . . in the absence of statutory authority, the power of a sheriff or other peace officer is limited to his own county, township, or municipality, and he cannot with or without warrant make an arrest out of his own county, township or municipality, where the person to be arrested is charged with the commission of a misdemeanor. Beyond the limits of his county, township, or municipality his right to arrest for misdemeanor is no greater than that of a private citizen." G.S. 160-21.

We concur in what was said in the above case. Even so, we know of no authority that prohibits or bars a prosecution because the arrest was unlawful.

In 15 Am. Jur., Criminal Law, section 317, page 15, *et seq.,* it is said: "As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant." *Kerr v. Illinois,* 119 U.S. 436, 30 L. Ed. 421; *S. v. May,* 57 Kan. 428, 46 P. 709; *Commonwealth v. Tay,* 170 Mass. 192, 48 N.E. 1086; *People v. Miller,* 235 Mich. 340, 209 N.W. 81; *People v. Ostrosky,* 95 Misc. 104, 34 N. Y. Crim. Rep. 396, 160 N.Y.S. 493; *S. v.*

*McClung,* 104 W. Va. 330, 140 S.E. 55, 56 A.L.R. 257. For additional authorities in support of the above view, see Anno. 56 A.L.R. 260.

It is likewise said in 22 C.J.S., Criminal Law, section 144, page 236, *et seq.:* "The illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest."

In the instant case, the defendant does not challenge the validity of the warrant upon which he was tried. Moreover, he concedes in his brief that in those jurisdictions where the question he is raising has been raised, the general rule is that the illegality of arrest does not affect the jurisdiction of the court. This assignment of error is overruled.

The defendant's ninth assignment of error is to the following portion of the court's charge to the jury: "Now a mere unintentional violation of a traffic law will not constitute reckless driving, but if one intentionally violates a traffic law, that constitutes reckless driving."

In another part of the charge, the court instructed the jury with respect to reckless driving in substantial compliance with what this Court said on the subject in *S. v. Folger,* 211 N.C. 695, 191 S.E. 747, in which case the Court, speaking through *Connor, J.,* said: "A person is guilty of reckless driving (1) if he drives an automobile on a public highway in this State, carelessly and heedlessly, in a wilful or wanton disregard of the rights or safety of others, or (2) if he drives an automobile on a public highway in this State without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property." Nevertheless, in our opinion, this instruction did not cure the unequivocal statement complained of, to wit, "if one intentionally violates a traffic law, that constitutes reckless driving."

The defendant is entitled to a new trial on the count charging him with reckless driving, and it is so ordered.

We find no error in the trial below on the count charging the defendant with speeding in excess of 80 miles per hour. However, since the sentence on that count is to begin at the expiration of the sentence on the count charging the defendant with reckless driving, the judgment on the speeding count is set aside and the cause remanded for judgment.

Remanded for judgment on the count charging the defendant with speeding.

New Trial on the count charging the defendant was reckless driving.

JOHNSON, J., not sitting.