## STATE v. LIVINGSTON BROWN.

(Filed 29 April, 1959.)

**1. Criminal Law § 16—**

In a prosecution in a county not excepted from the provisions of G.S. 7-64, the Superior Court has original jurisdiction of misdemeanors and may try a defendant on a bill of indictment even when no warrant for such offense has been issued.

**2. Criminal Law § 87—**

Where the evidence tends to show that defendant, the discovery of liquor on his premises being imminent, sped away in his car, leading the officers a chase at an illegal speed, the court may properly consolidate for trial a bill of indictment charging unlawful possession of non-taxpaid liquor and unlawful possession of such liquor for the purpose of sale with an indictment charging reckless driving and speeding. G.S. 15-152.

**3. Automobiles § 63—**

The general maximum speed limit in this State is 55 miles per hour, and in a prosecution for speeding the court properly charges the jury to the effect that the operation of a motor vehicle at a speed greater than

55 miles per hour is a misdemeanor, since G.S. 20-141(b) (5) merely provides an exception to the general law in those instances in which the Highway Commission has erected appropriate signs giving notice of a maximum speed of not more than 60 miles per hour.

**4. Criminal Law § 32—**

While the State has the burden of establishing the *corpus delicti*, if the statute creating the offense contains an exception constituting a proviso and not a part of the description of the offense, the burden is on defendant to bring himself within the exception when relied on by him.

APPEAL by defendant from *Johnston, J.,* at September 1958 Term of RANDOLPH.

Criminal prosecutions upon two bills of indictment against defendant Livingston Brown, No. 2729 containing two counts charging (1) unlawful possession of non-taxpaid intoxicating liquors, and (2) unlawful possession of non-taxpaid intoxicating liquors for the purpose of sale.

And No. 2730 containing three counts charging (1) unlawful operation of a motor vehicle upon a public road, street or highway of Randolph County carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others and without due caution and circumspection and at a speed and in a manner so as to endanger and be likely to endanger the lives and property of others, etc.; (2) unlawful operation of a motor vehicle upon a public road, street or highway of Randolph County at a greater rate of speed than allowed by law, to wit: 75 miles per hour, etc.; and (3) unlawful operation of a motor vehicle upon a public road, street or highway of Randolph County and upon approach of a police car giving audible signal by siren, "did fail to immediately stop and remain in such position, otherwise directed by a police traffic officer."

The case was submitted to the jury upon the evidence introduced by the State under the charge of the court.

Verdict: In bill of indictment No. 2729: (1) on the charge of possession of non-taxpaid liquor— Guilty; but (2) on the charge of possession of non-taxpaid liquor for purpose of sale, the jury reported inability to agree, and as to that count the court withdrew a juror and declared a mistrial.

Verdict: In bill of indictment No. 2730: (1) On the charge of reckless driving— Guilty; and (2) on the charge of speeding— Guilty.

Thereupon and in accordance therewith the court entered judgment, to which defendant excepts and appeals to Supreme Court, and assigns error.

STATE v. BROWN.

·Attorney General Seawell, Assistant Attorney General Harry W. McGalliard for the State.
Ottway Burton, Don Davis for defendant, appellant.

WINBORNE, C. J. Upon the several assignments of error, based upon exception taken in the course of the trial in Superior Court, defendant raises three questions substantially as follows:

1. Did the court err in refusing to quash the bill of indictment No. 2729 found as a true bill by the Grand Jury of Randolph County charging defendant with the offense of possession of non-taxpaid liquor when no warrant for such charge had been issued against defendant?

Suffice it to say the decisions of this Court in S. v. Daniels, 244 N.C. 671, 94 S.E. 2d 799, and S. v. Morgan, 246 N.C. 596, 99 S.E. 2d 764, applicable to similar factual situation, hold in effect that the denial of this motion to quash is proper. In fact counsel for defendant, in brief filed here in this case, concede as much.

II. Did the trial court err in granting the State's motion for consolidation of the two bills of indictment, Nos. 2729 and 2730? In the light of applicable statute G.S. 15-152, applied to the evidence offered on the trial in Superior Court "No" is the proper answer to the question.

G.S. 15-152, in pertinent part, declares that "when there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated * * * ."

Here the Attorney General, in brief filed, argues, and the Court holds rightly so, that the possession of the liquor and the motor vehicle law violations, as revealed by the evidence offered upon the trial, arise out of this situation: "The officers, armed with a search warrant, went to the defendant's premises. The trailer door was locked. An officer located defendant within four or five minutes about three blocks from the trailer after it was discovered that he was not at home. The defendant, pretending to agree to return to the trailer, knowing full well that the illegal possession of liquor was on the point of being discovered * * * immediately speeded away leading the officers in a wild chase at 75 miles per hour along the public roads including one on which children were playing, abandoning his flight by

automobile only after he wrecked his car. When he wrecked his car 'he jumped out and ran'."

III. Did the trial court err in conducting trial against defendant on charge of operating a motor vehicle upon a public road at a greater rate of speed than allowed by law, 75 miles per hour?

Under the speed statute, of this State, properly interpreted, this question merits a negative answer.

In this connection the defendant appellant points to these two portions of the charge of the court to the jury to which Exceptions 6 and 7 relate:

"Now, Members of the jury, the Court instructs you that Chapter 20, Section 141 of the General Statutes provides in subsection (c) that if any person drives a motor vehicle upon the public highways at a speed greater than 55 miles per hour, that such person is guilty of a misdemeanor."

And again: "Now, Members of the jury, the court instructs you that if the State has satisfied you beyond a reasonable doubt, the burden being upon the State to so satisfy you, that this defendant drove a motor vehicle upon a public street or highway within the State at a greater rate of speed than 55 miles an hour, and if the State has so satisfied you beyond a reasonable doubt, then it would be your duty to convict the defendant of speeding as charged in the bill of indictment * * * ."

Turning to the statute it is seen that subsection (b) of G.S. 20-141 provides:

"(b) Except as otherwise provided in this chapter, it shall be unlawful to operate a vehicle in excess of the following speeds: (1) Twenty miles per hour in any business district; (2) Thirty-five miles per hour in any residential district; (3) Forty-five miles per hour in places other than those named in paragraphs 1 and 2 of this subsection for vehicles other than passenger cars, regular passenger vehicles, pick-up trucks of less than one ton capacity, and school buses loaded with children; (4) Fifty-five miles per hour in places other than those named in paragraphs 1 and 2 of this subsection for passenger cars, regular passenger carrying vehicles and pick-up trucks of less than one ton capacity. (5) Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation that a higher maximum speed than those set forth in subdivisions 3 and 4 of this subsection is reasonable and safe under the conditions found to exist upon any part of a highway with respect to the vehicles described in said subdivisions 3 and 4, said Commission shall determine and declare a reasonable and safe speed limit, not to exceed

a maximum of 60 miles per hour, with respect to said part of any highway, which maximum speed limit with respect to subdivisions 3 and 4 of this subsection shall be effective when appropriate signs giving notice thereof are erected upon the parts of the highway affected."

It may be noted that subdivision 5 of subsection (b) just quoted was added by 1957 Session Laws Chapter 214.

The State contends, and we hold properly so, that under the statute fifty-five miles per hour is the general maximum speed limit in this State, and that the provisions of subdivision 5 above set out are in the nature of an exception, and the defendant must bring himself within the provisions of the exception in order to receive the benefits of the exceptions.

We find it stated under title "Criminal Law", Section 572, C.J.S. Vol. 22, page 886, that "In general, accused has the burden of proving, as a matter of defense, that he is within an exception in the statute creating the offense, at least, where such exception is not a part of the enacting clause, but is a proviso thereto, or is in fact not part of the description of the offense."

Indeed this Court in *S. v. Davis*, 214 N.C. 787, 1 S.E. 2d 104, had this to say: " * * * it has long been settled in this State that although the burden of establishing the *corpus delicti* is upon the State, when defendant relies upon some independent, distinct, substantive matter of exemption, immunity or defense beyond the essentials of the legal definition of the offense itself, the onus of proof as to such matter is upon the defendant * * * ."

In the light of this principle applied thereto, the portions of the charge to which exception is thus taken are proper.

Other assignments of error have been duly considered, and in the matters to which they relate prejudicial error is not made to appear.

No Error.