## STATE v. BOBBY ALEXANDER GURLEY.

(Filed 21 September, 1960.)

**1. Automobiles § 56—**

A wilful or intentional violation of a safety statute or the unintentional or inadvertent violation of such statute when accompanied by a heedless indifference to the safety of others or a thoughtless disregard of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, constitutes culpable negligence, but an unintentional or inadvertent violation of a safety statute, standing alone, is not culpable negligence.

**2. Automobiles § 25—**

The general maximum speed limit of automobiles in North Carolina is 55 miles per hour, G.S. 20-141(b)(4), the limit of 60 miles per hour for certain vehicles on certain highways when authorized by the State Highway Commission being in the nature of an exception. G.S. 20-141 (b)(5).

**3. Automobiles § 60—**

An instruction in a prosecution for manslaughter to the effect that if defendant operated his automobile at a speed in excess of 55 miles per hour and such speed was a proximate cause or one of the proximate causes of the death of deceased, it would be the duty of the jury to return a verdict of guilty as charged, must be held for prejudicial error as being susceptible to the construction that the unintentional or inadvertent violation of the statutory speed limit, standing alone, constitutes culpable negligence.

**4. Criminal Law § 161—**

An erroneous instruction as to the applicable law must be held prejudicial notwithstanding that in other portions of the charge the law is correctly stated, since the jury may have acted upon the incorrect instruction.

APPEAL by defendant from *McLean, J.,* January Term, 1960, of McDOWELL.

Criminal prosecution for manslaughter.

Verdict: Guilty as charged in the indictment. Judgment: Imprisonment in the State's Prison.

Defendant appeals, assigning error.

*T. W. Bruton, Attorney General, and H. Horton Rountree, Assistant Attorney General for the State.*

*Paul J. Story and Boyce Whitmire for Defendant, Appellant.*

PARKER, J.   Paul Lee Woody died as a result of injuries sustained when an automobile overturned on a public highway. The State's evidence is to the effect that defendant asked Samuel Martin if he wanted to race automobiles on a public highway, that Martin replied he did not, and thereafter while driving his automobile on a public highway at a speed of about 65 or 70 miles an hour, defendant driving his automobile passed him, and after passing cut back and forth across the highway, hit a culvert, and overturned throwing Woody and defendant out of the automobile. Defendant's evidence is to the effect that he did not ask Martin to race, that Paul Lee Woody was driving his, Martin's, automobile when it overturned, and that it passed the Martin automobile while the Martin automobile was going 55 to 60 miles an hour. The State's evidence is amply sufficient to carry the case to the jury. Defendant made no motion for judgment of involuntary nonsuit.

Defendant assigns as error this part of the charge: "So the court charges you, Gentlemen of the Jury, that if you find from this evidence and beyond a reasonable doubt that on the 15th day of March 1957, that the defendant operated his automobile upon Highway 221 at a speed in excess of 55 miles per hour and you further find that that was the proximate cause or one of the proximate causes of the death of the deceased, Paul Lee Woody, if you find those facts beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged in the Bill of Indictment."

In preceding parts of the charge the trial judge instructed the jury with respect to actionable negligence and culpable negligence and in respect to an intentional or unintentional violation of a safety statute in substantial compliance with what this Court has said on the subject in *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Hancock,* 248 N.C. 432, 103 S.E. 2d 491, and other decisions.

Culpable negligence, from which death proximately ensues, makes the actor guilty of manslaughter, and under some circumstances guilty of murder. *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132; *S. v. Norris,*

242 N.C. 47, 86 S.E. 2d 916; *S. v. Wooten,* 228 N.C. 628, 46 S.E. 2d 868; *S. v. Cope, supra.*

In *S. v. Hancock, supra,* the court speaking through *Denny, J.,* has succinctly and accurately said: "The rule in the application of the law with respect to an intentional or unintentional violation of a safety statute is simply this: The violation of a safety statute which results in injury or death will constitute culpable negligence if the violation is wilful, wanton, or intentional. But, where there is an unintentional or inadvertent violation of the statute, such violation standing alone does not constitute culpable negligence. The inadvertent or unintentional violation of the statute must be accompanied by recklessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or of a heedless indifference to the safety of others."

The general maximum speed limit of automobiles in North Carolina is 55 miles an hour. G.S. 20-141(b)(4); *S. v. Norris, supra; Shue v. Scheidt, Comr. of Motor Vehicles,* 252 N.C. 561, 114 S.E. 2d 237. The provisions of G.S. 20-141(b)(5) authorizing the State Highway Commission to designate a speed limit maximum of 60 miles per hour for certain vehicles on certain highways are in the nature of an exception. *S. v. Brown,* 250 N.C. 209, 108 S.E. 2d 233. There is no evidence in the record that the operation of the automobiles at the place here under consideration was in either a residential or business district, as defined in our safety statutes.

In *S. v. Sutton,* 244 N.C. 679, 94 S.E. 2d 797, the defendant was convicted of speeding and reckless driving of an automobile. The court instructed the jury: "Now a mere unintentional violation of a traffic law will not constitute reckless driving, but if one intentionally violates a traffic law, that constitutes reckless driving." In another part of the charge the court instructed the jury with respect to reckless driving in substantial compliance with a former decision of this Court. In awarding a new trial the Court said: "Nevertheless, in our opinion, the instruction did not cure the unequivocal statement complained of, to wit 'if one intentionally violates a traffic law, that constitutes reckless driving.' "

We said in *S. v. Roberson,* 240 N.C. 745, 83 S.E. 2d 798, that the language of our statute in respect to reckless driving, G.S. 20-140, constitutes culpable negligence.

The unintentional or inadvertent driving of a passenger automobile on a public highway at a speed in excess of 55 miles an hour,

where such a maximum speed is authorized, unaccompanied by recklessness or probable consequences of a dangerous nature when tested by the rule of reasonable prevision, is not such negligence as imports culpable negligence or criminal responsibility. *S. v. Cope, supra; S. v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638.

When the trial judge here applied the law to the facts he unequivocally instructed the jury, to wit: "If you find from this evidence and beyond a reasonable doubt that on the 15th day of March 1957, that the defendant operated his automobile upon Highway 221 at a speed in excess of 55 miles per hour and you further find that that was the proximate cause or one of the proximate causes of the death of the deceased, Paul Lee Woody, . . . , it would be your duty to return a verdict of guilty as charged in the bill of indictment." This part of the charge is material error for it is susceptible of the construction that the unintentional or inadvertent driving of the automobile at a speed in excess of 55 miles an hour on Highway 221, standing alone, is culpable negligence, and if death ensues proximately therefrom, it would be the duty of the jury to convict the defendant of manslaughter.

Even though it be conceded that parts of the instructions given were a correct statement of the law, this Court has uniformly held that where the court charges correctly in one part of the charge, and incorrectly in another part, it will cause a new trial, since the jury may have acted upon the incorrect part, and this is particularly true when the incorrect part of the charge is the application of the law to the facts. *S. v. Morgan,* 136 N.C. 628, 48 S.E. 670; *S. v. Stroupe,* 238 N.C. 34, 76 S.E. 2d 313; *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223.

For material error in the charge a new trial is ordered.

New trial.