Per Curiam.

Petitioner contends that officers entered his home at gunpoint and, without a warrant, illegally searched it, arrested him and took him to the police station where he was *262 illegally detained for 72 hours before he was taken before a magistrate, and that during such detention he was forced to make involuntary self-incriminating statements concerning his knowledge of the contraband.
Petitioner contends first that his arrest was illegal, and that such illegal arrest thereby rendered void all subsequent proceedings. The fact that an arrest is illegal does not affect the validity of subsequent criminal proceedings based upon a valid indictment by the Grand Jury. Brown v. Maxwell, Warden, 174 Ohio St., 29; Wells v. Maxwell, Warden, 174 Ohio St., 198; McCray v. City of Lake Louisvilla, 332 S. W. (2d), 837; and State v. Sutton, 244 N. C., 679, 94 S. E. (2d), 797.
Next, petitioner urges that his detention for 72 hours before he was taken before a magistrate, during which time he was coerced into making statements leading to the discovery of the contraband, voided his conviction.
Even if an accused is illegally detained after his arrest and during such detention makes what would be considered a coerced confession, if the accused pleads guilty, the confession is not used, and the mere fact that the coerced confession existed does not affect the validity of his subsequent plea of guilty. Waley v. Johnston, Warden, 139 F. (2d), 117; Starks v. United States, 264 F. (2d), 797; and Blood v. Hunter, Warden, 150 F. (2d), 640.
Petitioner raises the question of evidence obtained during an illegal search. However, it is apparent that the evidence was not procured during the search but later in a place outside petitioner’s home.
Petitioner in the instant case was represented by competent counsel of his own choosing prior even to his preliminary examination. Under the advice of his counsel, he voluntarily pleaded guilty to one count of his indictment.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.