Nos. 44,300 and 44,836

JOHN E. WILLIAMS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(421 P. 2d 194)

Opinion filed December 10, 1966.

*Gary L. Dinges,* of Hutchinson, argued the cause, and *Matthew J. Dowd,* of Hutchinson, was on the brief for the appellant.

*Raymond F. Berkley,* Assistant County Attorney, argued the cause, and *Richard J. Rome,* County Attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Appeal has been perfected by defendant-petitioner from an order of the Reno district court denying a motion to vacate a judgment and sentence previously imposed upon the defendant. The motion to vacate was filed by defendant under the provisions of K. S. A. 60-1507.

Appellant is incarcerated in the state penitentiary at Lansing for statutory rape committed against his stepdaughter. His conviction was based upon a plea of guilty.

Although this case bears two different docket numbers which indicate a consolidation of appeals there is but one appeal. The double docketing of the case occurred through clerical oversight when separate papers relating to this same case were filed over a year apart. Our opinion although singular in import will cover all matters brought to this court for review whether filed under docket No. 44,300 or No. 44,836.

A full evidentiary hearing has been afforded the appellant on his motion to vacate sentence. He was transported to the hearing and counsel was provided at all proceedings. Testimony was given by eight witnesses including the appellant. A transcript of the entire proceedings was made. The trial judge denied the motion and found that the appellant failed to sustain the burden of proof on all factual allegations set forth in his motion to vacate. This appeal followed.

We have carefully reviewed the record and have examined the various claims of error made by appellant and find the trial court's judgment was entirely proper. Let us examine each of appellant's contentions in the order presented by his statement of points.

Appellant attacks his conviction upon the theory that he was unlawfully apprehended and arrested without a warrant. His arrest occurred in this manner. The police received a telephone call from appellant's wife advising them that appellant was mistreating her and that he had been drinking. An officer was dispatched and when he arrived the wife admitted him into the house. The wife was crying and hysterical. She appeared to have received blows to her face which left welts readily apparent to the officer. Appellant challenged the officer's right to be present in the home and ordered him to leave. An altercation ensued and the officer, no doubt feeling that "prudence is the better part of valor," left for reinforcements. He summoned two other officers of the law and they were admitted into the house by appellant's wife. Appellant was loud, argumentative, used profanity, asked them to produce a warrant for his arrest, ordered them out of his house and struck the sheriff on the head with his fists. The officers subdued him and took him to the police station where he was charged with drunkenness and disturbing the peace. One officer stayed at the home to make a report and then learned from appellant's wife that appellant had assaulted her daughter. Appellant's wife filed the charge of statutory rape.

Appellant is correct in stating that his arrest for drunkenness and disturbing the peace was made by the officers without a warrant. He is incorrect in assuming that every arrest must be upon a warrant. It is the rule in this state that any peace officer may make an arrest without a warrant for a misdemeanor committed in his presence. (*State v. Goering*, 193 Kan. 307, 392 P. 2d 930.) The actions of appellant in the presence of the officers were ample to sustain a charge of disturbing the peace and the arrest was lawful.

Assuming under entirely different facts that the arrest may have been unlawful this court has repeatedly held that jurisdiction of a court to try a person accused of crime is not divested by an unlawful arrest. (*State v. May*, 57 Kan. 428, 46 Pac. 709; *State v. Cook*, 194 Kan. 495, 399 P. 2d 835; *Hanes v. State*, 196 Kan. 404, 411 P. 2d 643.)

Appellant objects to the sufficiency of his preliminary hearing on the charge of statutory rape. The record discloses that appellant

retained counsel when this charge was filed and later this same attorney was appointed to represent him in the district court. Appellant testified at the hearing to vacate sentence that he had no preliminary hearing and that he did not appear before any examining magistrate prior to entering a plea of guilty in the district court. Appellant's counsel in the original proceedings was called and testified that appellant was with him when they appeared before Judge Woodson in the city court at the preliminary hearing. He testified appellant had previously advised him to waive the preliminary hearing and he did so as attorney for appellant. Appellant was present and made no objection. Assuming that the preliminary hearing was insufficient, or that none was provided, any claim of violation of constitutional rights comes too late after appellant enters a plea of guilty in the district court. The preliminary hearing is not a critical stage of criminal proceedings. The purpose is to determine if a crime has been committed and whether there is probable cause to charge a defendant with the commission thereof. When a trial is had or a plea of guilty is entered any claim of irregularity is waived. It is not necessary for us to set forth the law on this point other than refer to the recent case of *State v. McCarther,* 196 Kan. 665, 671, 414 P. 2d 59. ( See also *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *Goodwin v. State,* 195 Kan. 414, 419, 407 P. 2d 528.)

Appellant next contends that his plea of guilty was coerced and involuntarily made under threats of harm and promise of benefit. This contention arises by reason of the nature of the crime charged against him. He plead guilty to rape of his stepdaughter on charges brought by his wife. The coercion alleged does not relate to any actions by or conversation with the law officials. The law officials neither participated nor originated the matters about which appellant complains. Appellant contends that his own attorney and his wife by argument and conversation pressured him into entering a plea of guilty by advising him of the facts which would necessarily be publicized during a trial. They overcame his will to defend by pointing out the damage to the reputation of his stepdaughter and the worry and strife a trial would cause his wife. They pointed out the fact that appellant had previously been convicted of felonies and was eligible for an increased sentence as an habitual criminal, but advised him that if he plead guilty the state might not insist on applying the habitual criminal act. Appellant's brother was on

parole at that time and appellant feared retribution against the brother in the nature of revocation of the parole. All of the foregoing facts and conversations may have been the compelling reason for him to enter a voluntary plea of guilty. What he now contends indicates nothing more than a change of mind. Every man charged with crime is influenced by personal considerations which may later not appear valid to him, but psychological self-coercion is not the coercion necessary in law to destroy an otherwise voluntary plea of guilty. The mental reasoning upon which appellant based a determination to enter a plea of guilty indicates that his plea was fairly and intelligently entered with knowledge of the consequences and after weighing the alternatives before him.

Appellant did not at any time request permission to withdraw his plea of guilty during trial proceedings. (See *State v. Nichols,* 167 Kan. 565, 573, 207 P. 2d 469.)

We find ample support for all findings of the trial court and the judgment is affirmed.