NOT DESIGNATED FOR PUBLICATION

No. 118,856

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD ASHLEY CROFT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed November 2, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

PER CURIAM: Richard Ashley Croft entered a no contest plea to one count of felony theft. Before sentencing, Croft sought to withdraw his plea on the grounds that he agreed to a plea deal only to get out of jail to see his ill father. The district court refused to let him out of his plea. Croft now appeals, claiming the district court's denial of his motion to withdraw his plea was an abuse of discretion. We disagree and affirm.

1

On August 3, 2017, Croft pled no contest to one count of theft, a severity level 9 nonperson felony contrary to K.S.A. 2017 Supp. 21-5801(a)(1), stemming from allegations he stole merchandise from a Walmart. In exchange for this plea the State dismissed a different case pending against Croft.

Prior to accepting his plea, the district court explained to Croft his rights, including his right to be presumed innocent, the right to call witnesses, the right to testify or not testify, and the right to have the charge against him be proven beyond a reasonable doubt to a jury. Croft assured the district court that he was not under the influence of alcohol or drugs, and he acknowledged that no one had threatened him to enter the plea. The district court advised Croft that the charge of felony theft carried a possible sentence of 5 to 17 months' imprisonment based on his criminal history score and special sentencing rules. The State then presented a factual basis for the charge.

Based upon Croft's responses to its questions, the district court accepted his plea, finding there was a sufficient factual basis to support the charge and Croft's plea had been freely and voluntarily made.

After he entered his plea, Croft requested a reduction of his bond amount which the State did not oppose. The district court agreed and reduced Croft's bond amount to $5,000.

Prior to sentencing, Croft filed a motion to withdraw his plea, arguing that he entered the plea in order to get a bond reduction so he could get out of jail to see his father who was in bad health. After a hearing on the matter, the district court denied Croft's motion, holding that the plea was entered freely and voluntarily and that there

2

were no reasonable grounds to support the withdrawal of the plea. The district court sentenced Croft to 10 months' imprisonment.

Croft now timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING CROFT'S PRESENTENCING MOTION TO WITHDRAW HIS PLEA?

First, Croft argues that the district court abused its discretion when it denied his presentencing motion to withdraw his plea. Specifically, he argues that his plea was not voluntarily entered because he only pled so he could get a bond reduction to visit his ailing father.

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Three factors, often referred to as the *Edgar* factors, generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2017 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing:  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

3

These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

Every defendant has personal considerations that have led him or her to the decision to enter the plea. However, "psychological self-coercion is not the coercion necessary in law to destroy an otherwise voluntary plea." *Williams v. State*, 197 Kan. 708, 711, 421 P.2d 194 (1966). In *Williams*, the defendant claimed that he entered his plea based upon pressure from his family to avoid damaging the reputation of his stepdaughter and causing difficulty for his wife. The Kansas Supreme Court upheld Williams' plea as voluntarily entered, holding that personal considerations such as family pressures are insufficient to permit the withdrawal of an otherwise valid plea. 197 Kan. at 711.

Similarly, in *State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011), Denmark-Wagner argued that his mother and sister pressured him to enter his plea because they wanted to be able to see him soon and hug him during visitation. The Kansas Supreme Court held that Denmark-Wagner's plea was voluntarily entered and family pressure did not rise to the level of good cause that would render his plea involuntary, especially where he acknowledged that the decision to enter the plea was entirely his own choice. 292 Kan. at 877.

Here, at the time the plea was entered, Croft appeared before the district court and heard both attorneys state the terms of the plea agreement. The district court questioned Croft regarding his understanding of his rights and whether he understood the plea. Croft did not indicate any reluctance or disagreement with the terms of the plea as stated by the attorneys. The district court had the opportunity to observe Croft during this questioning and accepted the plea; tacit in this acceptance was the district court's observation that Croft understood the plea. Additionally, Croft indicated that he understood his rights and wanted to enter the plea. The facts support the district court's conclusion that the plea was voluntarily made.

4

Importantly, at the hearing on the motion to withdraw his plea, Croft acknowledged that he understood the plea and that no one had forced him to take the plea deal offered to him. Additionally, Croft testified that he had entered a plea previously on 16 different occasions and that he understood how the process worked. He also admitted that he understood his plea and that it was entered knowingly and voluntarily but with the understanding that the State would agree to a bond reduction.

When applying the *Edgar* factors or any other relevant factor, there is no evidence here that indicates there was good cause to permit Croft to withdraw his plea. There is no evidence that Croft was coerced or mistreated in any way. The record on appeal indicates Croft understood what he was doing—he had entered a plea on 16 previous occasions— and he testified that he entered his plea knowingly and of his own free will. As in *Denmark-Wagner*, any pressure Croft may have been under to see his ailing father was both of his own making and from his family and does not rise to the type of coercion that would render his plea involuntary. See 292 Kan. at 877.

The district court did not abuse its discretion in denying Croft's motion to withdraw his plea.

DID THE DISTRICT COURT VIOLATE CROFT'S CONSTITUTIONAL RIGHTS AT SENTENCING?

Second, Croft argues the district court violated his constitutional rights as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 435 (2000), when it sentenced him based upon a criminal history that had not been proven to a jury beyond a reasonable doubt. Croft concedes that the Kansas Supreme Court has already decided this issue against him but raises it to preserve the issue for federal review. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002); see also *State v. Watkins*, 306 Kan. 1093, 1093-94, 401 P.3d 607 (2017) (reaffirming *Ivory*). Because there is no indication that our Supreme

5

Court is departing from this position, we are duty bound to follow it. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). The district court properly used Croft's criminal history to establish his sentence.

Affirmed.