NOT DESIGNATED FOR PUBLICATION

No. 121,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN REED EWING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed July 10, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Austin Reed Ewing appeals the district court's revocation of his probation and imposition of his underlying sentence, arguing the district court abused its discretion by doing so. After a careful review of the record, we see no abuse of discretion and affirm.

1

As part of a plea agreement with the State, Ewing pled guilty to aggravated domestic battery, and on January 4, 2019, the district court sentenced Ewing to 23 months' imprisonment but granted him a dispositional departure to probation for 24 months. Ewing's conditions of probation included the requirement that he obtain a substance abuse and mental health evaluation, abstain from drug and alcohol use, have no violent contact with his mother, not live with his mother, and take all his prescribed medication.

On July 30, 2019, the State filed a motion to revoke Ewing's probation, alleging seven violations:

1.　　Failure to refrain from violating any local, state, or federal laws based on Ewing being charged with domestic battery;

2.　　Failure to follow mental health recommendations because Ewing stopped attending treatment;

3.　　Failure to report as directed;

4.　　Failure to refrain from using illegal drugs based on a positive test for cocaine and marijuana and another positive test for cocaine;

5.　　Failure to refrain from having violent contact with his mother;

6.　　Failure to refrain from living with his mother; and

7.　　Failure to make consistent payments on court cost obligations.

At a probation revocation hearing conducted on September 4, 2019, Ewing stipulated to his use of illegal drugs but denied the other violations.

Catherine Darrah, Ewing's probation officer, testified for the State. Darrah was contacted by Ewing's mother and received a police report stating Ewing was arrested for

domestic battery. Darrah testified she had not received any documents from a mental health provider to show Ewing had attended or completed mental health treatment. The status sheets Ewing filled out for Darrah listed his address as his mother's address. Additionally, just before his arrest on July 30, Ewing admitted to Darrah he was living at his mother's house and he had not completed his mental health treatment. Darrah testified she used a program called FullCourt to determine he was not making his court cost payments every month.

Two Kansas City, Kansas police officers also testified for the State. Officer Colin Ward testified he responded to a 911 hang-up call on July 16, 2019, at Ewing's mother's house. Ewing's mother told Ward that Ewing had crawled into her house through a window near the kitchen and he was not supposed to be there. Ward also talked with Ewing about why he was at his mother's house. Officer Dwayne Donato testified he responded to a 911 call at Ewing's mother's house on July 20, 2019, because of a report of a domestic disturbance between Ewing and his mother. When the officers arrived, Ewing's mother told Donato that Ewing had left 15 or 20 minutes earlier, but Ewing then walked around the side of her house. After learning about a domestic battery report completed after an incident on July 18, Donato arrested Ewing for that charge.

Ewing testified on his own behalf. He said he was staying at a friend's house. Ewing admitted to missing two days of substance abuse treatment but testified he was otherwise attending his classes.

At the hearing's conclusion, the district court noted the case was originally a dispositional departure to probation and Ewing had a criminal history score of B. The district court explained:

"You were given very clear rules to follow and you didn't follow through with them. You were doing well for a period of time, doing your mental health treatment, staying clean,

3

doing your drug substance abuse evaluation and treatment, but then something happened and you fell off the wagon and everything spiraled, though, so you started using cocaine and marijuana, you quit with your mental health treatment, you weren't taking your medication, and then now you start showing up at your mom's house and you have negative police contact on three separate occasions. For some reason, all of them, the first one was a 911 hangup when they had contact with your mom. At that time—I'm sorry, and there was another domestic disturbance in which your mom was the reporting person. So for some reason your mom was feeling the need to call the police on you. So all of this just kind of triggered a downward spiral. The problem is I can't have any downward spirals with you. You were given one opportunity. I don't want to be dealing with a new homicide case because you continue to use drugs and you continue to not do your mental health treatment. I don't want to see your mom end up dead.

"So, for those reasons, I am revoking your probation. I find you're a danger to the community because you can't leave your mom alone."

When the State asked for clarification, the district court stated it was revoking Ewing's probation for every reason in the State's motion, except it found no evidence to support the charge of failure to report. The district court revoked Ewing's probation and imposed his underlying prison sentence.

Ewing timely appeals.

### DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT REVOKED EWING'S PROBATION?

Ewing's only issue on appeal is his contention that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Ewing concedes the district court had the statutory authority to revoke his probation and impose his underlying prison sentence but nevertheless claims the State failed to present any direct evidence of his violations, specifically alleging the district

court wrongly revoked his probation due to his contact with his mother because his conditions of probation only prevented him from having violent contact with her. The State responds that Ewing's stipulation to using illegal drugs was sufficient to revoke his probation. It also argues sufficient evidence supports all the district court's findings.

*Standard of Review*

A probation violation must be established by a preponderance of the evidence. Preponderance of the evidence is met when the evidence shows "a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). We review factual determinations made by district courts under the substantial evidence standard. 38 Kan. App. 2d at 315. "'Substantial competent evidence is "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion."'" *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). In making this determination, we do not reweigh evidence or assess witness credibility. 309 Kan. at 138.

Once a probation violation is established, the disposition of the case lies within the district court's sound discretion, so long as that discretion falls within the parameters of K.S.A. 2019 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). An abuse of discretion occurs if the action is based on an error of law or fact or is one where no reasonable person would take the view adopted by the district court. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). Ewing has the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A district court's discretion on whether to revoke probation is limited by the intermediate sanctions outlined in K.S.A. 2019 Supp. 22-3716. At the time of Ewing's conviction, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2019 Supp. 22-3716(c); *State v.*

5

*Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after intermediate sanctions have been imposed. K.S.A. 2019 Supp. 22-3716(c)(2). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception is if the offender received a dispositional departure sentence. K.S.A. 2019 Supp. 22-3716(c)(7)(B). It is undisputed that Ewing received a dispositional departure to probation.

*Analysis*

At his probation revocation hearing, Ewing stipulated to using illegal drugs. Ewing's arguments notwithstanding, this admission alone gave the district court the authority to revoke Ewing's probation. But the district court also heard other evidence to determine whether Ewing violated his probation in the other ways alleged by the State. The district court found Ewing had violated his probation for all the reasons alleged by the State except the allegation that Ewing had failed to report. After noting it had granted probation as a result of a dispositional departure, the district court appeared to principally rely on its finding that Ewing was a danger to the community for revoking his probation because of Ewing's interactions with his mother while on probation.

While it is undisputed the district court had the authority to revoke Ewing's probation, given the district court's findings, it is important to note that a district court may also bypass the intermediate sanctions requirement if it "sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized." K.S.A. 2019 Supp. 22-3716(c)(7)(A); see *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015). Whether a district court set forth particularized findings is subject to unlimited review. *State v. Fox*, No. 118,019, 2018 WL 3596055, at *1 (Kan. App. 2018) (unpublished opinion); see *McFeeters*, 52 Kan. App. 2d at 48-49. Sufficiently

particularized findings ""must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details." [*Miller*,] 32 Kan. App. 2d at 1102." *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018).

In finding Ewing was a danger to the community, the district court noted his underlying conviction was aggravated domestic battery against his mother. The district court found Ewing had stopped his substance abuse and mental treatment, started using cocaine and marijuana, had stopped taking his medication, and had been involved in three negative police contacts when his mother was the reporting person. The district court found he was a danger to the community because he was "making her afraid enough to call the police."

The record supports the district court's findings. Two police officers testified to being called to Ewing's mother's house three times. Additionally, Ewing admitted to his probation officer that he was living with his mother in violation of his probation. The multiple negative interactions with the police show Ewing's inability to refrain from having any violent contact with his mother, also in violation of his probation. The district court stated with sufficient particularity its reasons for finding Ewing was a danger to the community.

In light of the record before us, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Ewing's probation and impose his underlying prison sentence. The district court did not abuse its discretion.

Affirmed.