IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,347

STATE OF KANSAS,
*Appellee*,

v.

ANDREW MARTIN WOODRING,
*Appellant*.

SYLLABUS BY THE COURT

1.

Before sentence is pronounced, a defendant may withdraw a plea upon a showing of good cause.

2.

A district court should evaluate three factors when determining whether a defendant has shown good cause: whether (1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.

3.

All three good-cause factors do not have to apply in a defendant's favor in every case, and the district court may duly consider other factors in its discretionary decision on the existence or nonexistence of good cause.

1

4.

When a defendant explicitly states in court that entering a plea is a voluntary act that was not the subject of coercion, the presence of pressure exerted by attorneys does not inherently constitute undue coercion.

5.

A mere change of mind does not justify disturbing a plea agreement without any evidence the plea was made unwillingly or without an understanding of the consequences.

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 1, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, argued the cause and was on the brief for appellant.

*Ellen Hurst Mitchell*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Andrew Woodring entered a plea of no contest to felony murder. He takes a direct appeal to this court from the order denying his motion to withdraw his plea.

Woodring was a participant in a vehicular shooting that resulted in the death of a young woman. The State charged him with one count of premeditated first-degree murder, or, in the alternative, felony murder; one count of attempted first-degree premeditated murder; one count of criminal discharge of a firearm at an occupied vehicle; one count of conspiracy to commit aggravated battery; and one count of interference with law enforcement.

Woodring, who was 17 years old at the time of the shooting, was charged as an adult. It was alleged he provided and drove the car used in the shooting and that he also contacted the shooter and suggested that he bring a gun with him on the drive. On April 18, 2016, he entered into an agreement to plead no contest to felony murder in exchange for the State's agreement to dismiss other charges.

On June 6, 2016, Woodring filed a pro se motion to withdraw his plea. The court gave his counsel leave to withdraw and appointed new counsel to represent him at a subsequent hearing on his motion to withdraw his plea. After hearing testimony from Woodring, the court denied his motion to withdraw and sentenced him to a term of life imprisonment with a minimum mandatory sentence of 25 years before he would be eligible for parole. Woodring took an appeal to this court under K.S.A. 2018 Supp. 22-3601(b)(2).

An appellate court reviews a district court's decision to deny a plea withdrawal motion and the underlying determination that the defendant has not met the burden to show good cause for abuse of discretion. *State v. Reu-El*, 306 Kan. 460, Syl. ¶ 1, 394 P.3d 884 (2017).

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, i.e., if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

The party seeking to withdraw the plea bears the burden of establishing the district court's abuse of discretion. See *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

An appellate court does not reweigh evidence or assess witness credibility when applying the abuse of discretion standard. *Reu-El*, 306 Kan. 460, Syl. ¶ 1.

K.S.A. 2017 Supp. 22-3210(a) and (b) permit defendants to enter pleas of guilty or nolo contendere under certain conditions:

> "(a) Before or during trial a plea of guilty or nolo contendere may be accepted when:
> (1) The defendant or counsel for the defendant enters such plea in open court; and
> (2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and
> (3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and
> (4) the court is satisfied that there is a factual basis for the plea.
> "(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made."

K.S.A. 2017 Supp. 22-3210 also allows defendants to withdraw their pleas before sentence is pronounced if they show good cause:

> "(d)(1) A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged."

This court has set out three factors that a district court should evaluate when determining whether a defendant has shown good cause: "whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or

unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Not all of the *Edgar* factors have to apply in a defendant's favor in every case, and the district court may duly consider other factors in its discretionary decision on the existence or nonexistence of good cause. *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010).

Prior to accepting his plea, the court asked Woodring a series of questions relating to the voluntariness of his plea. The court asked if he understood the tender, and Woodring said he did. The court asked whether he had sufficient time to speak with his attorney, and Woodring said he did. The court asked him whether he wanted additional time to discuss the case or the plea agreement, and Woodring said he did not. The court asked whether he was under the influence of any mind-altering chemicals or alcohol and whether there was anything diminishing his judgment, and Woodring said no. The court asked whether he had discussed with his attorney the nature of the State's evidence against him and what the State would have to prove to obtain a conviction, and Woodring said he had discussed those matters. The court asked whether his attorney had explained possible defenses, trial rights, the presumption of innocence, and the right to appeal, and Woodring said his attorney had explained those matters. The court asked in detail whether he understood various possible sentencing consequences, including mandatory life imprisonment, and Woodring said he did. The court asked whether he felt pressured or coerced into entering into the plea agreement, and Woodring said he did not. Finally, the court asked whether he was satisfied with the legal advice and assistance he received from his attorney, and Woodring said he was.

The court then stated on the record that Woodring's plea was made "freely and voluntarily, after a full and complete opportunity to consult with counsel, and not out of ignorance, fear, inadvertence, or coercion." The court further found that Woodring

5

"expressed his understanding of the nature and the consequences of entering this plea and that he is competent to do so."

Within a couple of months, Woodring sought to withdraw his plea. The asserted justification for withdrawal was that he was innocent of the crime to which he had pleaded guilty. As he explained at the hearing on his motion, "I feel like I shouldn't get a life sentence because I wasn't the one that pulled the trigger that killed that girl." He also contended that he was pressured into accepting the plea agreement by the State's insistence on a deadline for making a decision: "I feel like I was pushed into it by the DA, because she gave me a deadline and kept saying I need to take it by then."

Woodring's understanding of the "pressure" from the State was that it gave him a deadline. "I felt like if I would have went to trial, I would have got found guilty of everything and got the most time they could have gave me." Woodring was concerned that the State would put on evidence that should not have been admissible in order to obtain a conviction, in particular, a body camera. "Well, they were going to play the body cam, and it got played at one of my codefendant's trial, and I feel like that made him get convicted." It was Woodring's belief that the body cam should not have been admitted.

On cross-examination, Woodring stated that he had no complaints about the quality of legal assistance he received from his original counsel. He also stated that he received the benefit of a potentially lower sentence and the dismissal of other charges. Furthermore, he did not become aware of any new evidence or witnesses that would strengthen his case. He recalled informing the court that he didn't feel pressured into the agreement, but qualified his response: "I kind of felt pressured, but I really didn't think about it until after, because everything was just happening so quick." He acknowledged that he had 10 days during which he decided to accept the plea agreement and that the case was nearly two years old when he accepted the agreement.

The district court reviewed the *Edgar* factors and found none of them supported allowing Woodring to withdraw his plea. The court denied the motion, concluding that Woodring failed to show good cause to withdraw the plea.

Distilling Woodring's statements in support of withdrawal, he first contends he was innocent because he did not kill anyone and he should therefore receive a trial before being sentenced. The innocence claim indicates a lack of understanding of the theory of aiding and abetting. K.S.A. 2017 Supp. 21-5210 makes a person criminally responsible for a crime committed by another if the person intentionally aids the other in committing the criminal conduct. The statute does not establish two different crimes for committing a murder, one committed by firing a gun and the other by driving the getaway car; instead, the statute makes each individual who engages in a concerted action to carry out a crime equally culpable. *State v. Betancourt*, 299 Kan. 131, 139, 322 P.3d 353 (2014). Under the aiding and abetting theory, helping to organize the shooting and procuring and driving the car from which the fatal shots were fired suffices to support a determination of guilt.

His second basis asserting just cause to withdraw his plea was that he was pressured by the time deadlines to enter into the plea. The claim of pressure does not rise to the level of coercion necessary to warrant withdrawing a plea agreement. When a defendant explicitly states in court that entering a plea is a voluntary act that was not the subject of coercion, the presence of pressure exerted by attorneys does not inherently constitute undue coercion. See *State v. Denmark-Wagner*, 292 Kan. 870, 876-77, 258 P.3d 960 (2011). A mere "change of mind" does not justify disturbing a plea agreement without any "evidence his plea was made unwillingly or without an understanding of the consequences." *Denmark-Wagner*, 292 Kan. at 877 (citing and quoting *State v. Bartlow*, No. 96,933, 2008 WL 2051672, at *3 [unpublished opinion], *rev. denied* 286 Kan. 1180 [2008]).

7

At the plea hearing, Woodring gave every indication of making a willing and understanding acceptance of the plea. A 10-day deadline for accepting a plea, especially after the defendant has spent nearly two years in prison awaiting trial, is not unduly coercive. He received the benefit of the plea agreement in the form of a reduced sentence and the dismissal of other charges.

We find no abuse of discretion by the district court in denying Woodring's motion to withdraw his plea. The ruling of the district court is affirmed.