NOT DESIGNATED FOR PUBLICATION

No. 120,001

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,
v.

RONALD J. PURSLEY SR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed November 1, 2019. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellant Defender Office, for appellant.

*Jason A. Vigil*, assistant county attorney, *Elizabeth Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Ronald Pursley Sr. appeals the district court's denial of his post-sentence motion to withdraw his guilty plea to four counts of distribution of OxyContin. On appeal, Pursley argues that the district court erroneously failed to find that his circumstances constituted manifest injustice. Pursley asks this court to reverse the district court's denial of the motion to withdraw his plea. Pursley presents no compelling reason to reverse the district court's decision. The district court did not abuse its discretion when it made its finding. Accordingly, this court affirms the district court's denial of Pursley's motion to withdraw his plea.

1

*Factual Background*

On April 22, 2015, the State charged Pursley with four counts of distribution of OxyContin—one severity level 2 felony count and three severity level 3 felony counts.

The State's original plea offer proposed that in exchange for a plea to the severity level 2 felony Pursley would agree to serve 49 months in prison. As noted in the parties' Petition to Enter Plea Agreement, Pursley rejected this plea offer, preserving the chance to argue for probation instead of prison.

On February 11, 2016, Pursley pled guilty as charged to all four distribution counts. Before accepting the plea, the district court conducted a plea colloquy. The district court confirmed with Pursley that he was not under the influence of drugs and that he was thinking clearly. Based on Pursley's responses to the colloquy and the district court's questions, the court found that Pursley was competent and that he knowingly and voluntarily pled guilty to all four counts. After the district court took Pursley's plea, Pursley stated that he rejected the original plea offer so he could argue for probation at sentencing.

On May 2, 2016, the district court sentenced Pursley to 92 months in prison on the severity level 2 charge and to 46 months in prison on each of the remaining charges, all running concurrently. Pursley filed a notice of appeal on May 6, 2016. The Kansas Supreme Court summarily dismissed his appeal in February 2017 under Supreme Court Rule 7.041A(d) (2017 Kan. S. Ct. R. 48). After his appeal was dismissed, Pursley filed two pro se motions to withdraw his plea. Later, Pursley's new attorney filed a third motion to withdraw his plea, stating that the motion superseded all the pro se motions. Each motion was almost identical in substance.

2

On June 6, 2018, the district court held an evidentiary hearing on the motions with the same district court judge that presided over Pursley's plea hearing and his motion hearing. The parties presented the district court with Pursley's testimony and transcripts from the earlier hearings.

Pursley testified that he felt rushed by his attorney during his plea hearing and did not understand what was going on. He said that he had been off OxyContin and oxycodone for about a year, but he still suffered from high blood pressure, which was at a "critical stage" around the time of his plea and sentencing. At some point, he was taken to the hospital because he passed out, but he did not know exactly when. Pursley also testified that he understood, at the time of this plea, that there was a possibility he would be sent to prison and not receive probation.

The district court denied Pursley's motion to withdraw his plea, finding that manifest injustice did not exist and that Pursley entered his plea knowingly and voluntarily. The district court determined that Pursley's testimony was not credible and based its holding on the transcripts of the earlier hearings.

Pursley filed a timely notice of appeal.

*Analysis*

On appeal, Pursley argues that he established manifest injustice in the district court when he presented evidence that he was rushed into his plea and suffered medical problems. For Pursley, these circumstances were "obviously unfair and shocking to the conscience." He believes that this evidence was sufficient to show that his plea was not "fairly and understandingly made." See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

*Standard of Review*

An appellate court reviews a district court's decision to deny a plea withdrawal motion for abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). This abuse of discretion review includes the district court's underlying determination that the defendant did not meet the burden to show the proper standard to withdraw a plea, whether good cause or manifest injustice. See *Woodring*, 309 Kan. at 380; *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011). A district court abuses judicial discretion where (1) no reasonable person would take the district court's view; (2) the discretion is guided by an erroneous legal conclusion, an error of law; or (3) substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based, an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party seeking to withdraw the plea bears the burden of establishing the district court's abuse of discretion. *Woodring*, 309 Kan. at 380.

*Did the District Court Abuse its Discretion When It Denied Pursley's Motion to Withdraw his Plea?*

Because Pursley filed his motion to withdraw his plea after his sentencing, K.S.A. 2018 Supp. 22-3210(d)(2) controls the court's analysis. "To correct manifest injustice the [district] court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2018 Supp. 22-3210(d)(2). This court has defined "manifest injustice" within this context as "something obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959 (2006). The burden of showing manifest injustice is more than it is for a showing of good cause under K.S.A. 2018 Supp. 22-3210(d)(1). See *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 (2008) (discussing the two standards and applying the "lesser standard" of good cause).

4

Considering whether the defendant has shown manifest injustice, the district court typically considers the following three factors—commonly known as the *Edgar* factors: (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 529 (2014) (citing *Edgar*, 281 Kan. at 36). These factors do not form an exclusive list, and the district court may consider other factors when deciding whether manifest injustice exists. See *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

Pursley contends that his circumstances constituted manifest injustice. Pursley's argument is somewhat unclear. Pursley claims that the district court abused its discretion because its decision was guided by an error of law or was unreasonable. According to Pursley, "the coercive factors surrounding Mr. Pursley accepting the plea agreement were obviously unfair and shocking to the conscience." Pursley's argument could also be interpreted that the court committed an error of law because our legal standards would equate his circumstances with manifest injustice. Alternatively, his argument could be interpreted as saying no reasonable person would find that his circumstances were not manifestly unjust.

First, Pursley fails to show that the district court committed an error of law. Here, an abuse of discretion is found when "'the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.'" *Dragon v. Vanguard Industries, Inc.*, 277 Kan. 776, 779, 89 P.3d 908 (2004). Pursley's legal argument on this point is sparse. Pursley cites caselaw, *Woodring*, 309 Kan. at 383-84; *Van Dusen v. State*, 197 Kan. 718, 723, 421 P.2d 197 (1966); and *State v. Christensen*, 23 Kan. App. 2d 910, 913, 937 P.2d 1239 (1997). These cases do not support the conclusion that Pursley's circumstances constituted manifest injustice.

In *Woodring*, the defendant claimed that he was coerced into taking the plea because the State gave him a 10-day deadline to accept it. On appeal, the Kansas Supreme Court held that this pressure did not rise to the level necessary to show good cause—a lower standard than manifest injustice—for a plea to be withdrawn. 309 Kan. at 383. The court noted one point of law and two facts that affected its decision. First, the court noted that "[w]hen a defendant explicitly states in court that entering a plea is a voluntary act that was not the subject of coercion, the presence of pressure exerted by attorneys does not inherently constitute undue coercion. See *State v. Denmark-Wagner*, 292 Kan. 870, 876-77, 258 P.3d 960 (2011)." *Woodring*, 309 Kan. at 383-84. And second, the court noted that the coercive nature of a 10-day deadline was mitigated by the fact that (1) the defendant waited nearly two years for trial and (2) that he gave every indication that he made a willing and understanding plea. 309 Kan. at 384.

Pursley argues that his circumstances were "much more acute than the facts" in *Woodring*. However, Pursley fails to suggest how his situation was more acute but merely notes evidence from his testimony that he had no contact with his attorney. However, the facts of *Woodring* closely resemble this case. *Woodring* was decided on the defendant's statements during the plea hearing, as was the district court's decision here. Pursley gave every indication that, despite the "rushing" of his attorney during a plea hearing, he made a willing and understanding plea and indicated that he understood the consequences of his plea. As indicated by his first counsel in a status hearing on September 3, 2015, Pursley had ample time to consider his plea. Thus, *Woodring*—where our Supreme Court failed to find the more minimal showing of good cause—does not support a finding that the district court committed an error of law here. In short, Pursley's use of *Woodring* is misplaced. During the plea hearing, Pursley also indicated that he had ample time to consult with counsel. Based only on *Woodring*, it is difficult to understand how the facts in this case are "more acute."

6

Further, *Woodring* may not apply here. Pursley's brief is unclear as to which *Edgar* factor he is arguing. It appears to be the second and the third, although he does not explicitly say so. The analysis in *Woodring* considers the second prong of the *Edgar* factors, whether the defendant was misled or coerced into taking a plea. This factor has some overlap with the third factor, whether the plea was fairly and understandingly made. See *State v. Reu-El*, 306 Kan. 460, 479, 394 P.3d 884 (2017) ("The third *Edgar* factor speaks to the ultimate question—whether a plea was knowingly and voluntarily made—and thereby incorporates the two other *Edgar* factors and any other factors a district court may consider."). Coercion usually refers to the actions of an agent that misleads, mistreats or unfairly takes advantage of the defendant. The second factor has some level of nefarious actions by an actual actor. While the third factor— whether the plea was fairly and understandingly made—focuses on the defendant's perception, disposition, or actions at the time of the plea. See *Edgar*, 281 Kan. at 36-37 ("To be constitutionally valid, guilty pleas and their resulting waiver of rights 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'"). The way Pursley's argument unfolds, it appears he is really arguing the fairly and understandingly made factor. Pursley's use of *Woodring* is unjustified.

Second, Pursley states "[t]o voluntarily enter a plea, a defendant must be competent," citing *Van Dusen*, 197 Kan. at 723. Under Kansas law, a defendant is incompetent when he or she is unable to "understand the nature and purpose of the proceedings against him" or "make or assist in making his defense." K.S.A. 22-3301(1). In *Van Dusen*, 197 Kan. at 722-23, the Kansas Supreme Court further elaborated:

> "'[I]f the accused is capable of understanding the nature and object of the proceedings going on against him; if he rightly comprehends his own condition with reference to such proceedings and can conduct his defense in a rational manner, he is, for the purpose of

being tried, to be deemed sane, although on some other subject his mind may be deranged or unsound.'"

Nothing in the facts listed by Pursley indicate that he failed to understand the proceedings against him. Further, after a competency evaluation, Pursley was found to be competent. Thus, his competency argument lacks merit.

Next, Pursley attempts to distinguish his case from *Christensen*. The court in *Christensen* stated: "A defendant who is taking prescription drugs, and who informs the court that he or she is not under the influence of any intoxicating drugs, is able to make a voluntary plea." 23 Kan. App. 2d 910, Syl. ¶ 3. Because this case undermines his position, Pursley attempts to distance it by distinguishing its facts from the facts in his case. He argues that his past extreme opioid use and high blood pressure rendered him incapable of entering a knowing and voluntary plea. However, Pursley merely concludes that these conditions rendered him incapable of knowingly and voluntarily entering the plea. The recognition of the level of impairment a defendant presents at the district court is a determination for the district court. See *State v. Schaefer*, 305 Kan. 581, 595-96, 385 P.3d 918 (2016) (stating that observations of this kind are best left to the district court). Moreover, the record shows that Pursley had been off opioids for about a year. Also, nothing in the record indicates that his past drug use impaired his ability to fairly and understandingly enter a plea. Further, Pursley could not pinpoint when he had gone to the hospital after fainting from high blood pressure. Pursley did not provide evidence that his blood pressure affected his volition in any way; thus, Pursley's argument fails here as well.

Pursley also fails to show that no reasonable person would take the district court's view. As to the district court's reasoning, first, the district court found that Pursley's testimony was "extremely suspect." Under the abuse of discretion standard, "'[a]ppellate courts do not reweigh the evidence or assess witness credibility. Instead, appellate courts

give deference to the trial court's findings of fact.'" *Johnson*, 307 Kan. at 443. Thus, the district court based its findings on the transcripts from the earlier hearings. From this evidence, it found that no manifest injustice existed and that Pursley entered the plea knowingly and voluntarily. See *Reu-El*, 306 Kan. at 473 ("A court considering a motion to withdraw a plea should look at the entire plea process—the written plea agreement, if any, counsel's advice, and the plea colloquy—to see whether, when all aspects are considered, the defendant understands the nature and consequences of a plea.").

In addition, at the plea hearing, Pursley gave no indication that he did not fairly and understandingly enter his plea. He represented to the district court that he was thinking clearly. And Pursley responded appropriately to the plea colloquy. At that hearing, the district court determined that Pursley was competent and that he knowingly and voluntarily pled guilty. Further, Pursley made statements after he entered the plea that he knew the conditions of the plea. He even admitted that he had rejected a plea offer to serve 49 months in prison since he wanted to argue for probation at sentencing. It would be difficult, based on these facts, to find that no reasonable person would believe that Pursley entered his plea voluntarily.

Pursley fails to meet his burden to show that no reasonable person would take the district court's view or that the district court was guided by an erroneous legal conclusion. See *Ward*, 292 Kan. at 550. The district court did not abuse its discretion when it found that no manifest injustice existed. We affirm the district court's decision to deny Pursley's motion to withdraw his guilty plea.

Affirmed.