NOT DESIGNATED FOR PUBLICATION

No. 120,987

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TEON OCTAVIO HAYDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed July 10, 2020.
Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

POWELL, J.:  Teon Octavio Hayden appeals the district court's revocation of his
probation, arguing the district court abused its discretion by doing so. He claims his
rehabilitation would have been better served by continued probation and drug treatment.
After a review of the record, we see no abuse of discretion by the district court and
affirm.

On May 31, 2018, Hayden pled guilty to one count of aggravated escape from
custody after he did not return to the Wichita Work Release Facility. Due to Hayden's

criminal history score of A, his presumptive sentence was prison. At Hayden's sentencing hearing in June 2018, the district court sentenced him to 23 months in prison but granted Hayden's request for a dispositional departure to probation for a period of 18 months.

In October 2018, the State sought to revoke Hayden's probation, alleging he had admitted to smoking marijuana twice, left the state of Kansas without permission, violated curfew, and failed to report to his probation officer. An additional allegation claiming Hayden had committed a new crime of possession of marijuana was added on January 29, 2019.

At his probation revocation hearing in March 2019, Hayden waived his right to a hearing, admitted to committing the violations, and asked the district court to reinstate him to probation so he could attend drug treatment. The district court noted Hayden's A criminal history score and that his presumptive sentence had been imprisonment. It also highlighted Hayden's juvenile criminal history which included convictions for attempted aggravated robbery, aggravated robbery, and aggravated battery. Given Hayden's violations and his criminal history, the district court concluded Hayden was "not amenable to probation," revoked his probation, and imposed his underlying prison sentence.

On appeal, Hayden concedes the district court's authority to revoke his probation, given that his probation was originally granted as the result of a dispositional departure. Hayden's only argument before us is that the district court abused its discretion by revoking his probation instead of imposing alternative dispositions—like drug treatment—that better suited Hayden's individual circumstances.

Once a probation violation is established, the case's disposition lies within the district court's sound discretion so long as that discretion falls within the parameters of K.S.A. 2018 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231

(2008). Judicial action is abused if the action (1) is one where no reasonable person would take the view adopted by the district court, (2) is based on an error of law, or (3) is based on an error of fact. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). Hayden has the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

However, a district court's discretion concerning probation revocation is limited. *State v. Dooley*, 308 Kan. 641, 646, 423 P.3d 469 (2018). Before a district court may revoke an offender's probation, it must first impose intermediate sanctions. See K.S.A. 2018 Supp. 22-3716; *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). But a district court may bypass intermediate sanctions if it finds a statutory exception exists. *Dooley*, 308 Kan. at 646; see K.S.A. 2018 Supp. 22-3716.

As Hayden concedes, the district court possessed the statutory authority to revoke his probation because it "'was originally granted as the result of a dispositional departure granted by the sentencing court.'" See K.S.A. 2018 Supp. 22-3716(c)(9)(B). At the revocation hearing, the district court acknowledged Hayden received probation only because the district court granted him a dispositional departure. On this basis alone, the district court's actions were appropriate.

But the district court also revoked Hayden's probation because Hayden committed new offenses. Under K.S.A. 2018 Supp. 22-3716(c)(8)(A), a district court may revoke probation if the offender commits a new felony or misdemeanor while on probation. Hayden admitted to possessing marijuana while on probation, and he pled guilty to the crime. Thus, the district court's action was also permissible under K.S.A. 2018 Supp. 22-3716(c)(8)(A) and (c)(9)(B).

Hayden argues before us that no reasonable person would agree with the district court's revocation because the district court "completely failed to consider [his] individual circumstances, specifically his need for drug treatment, which was better available in the community." We disagree because the district court did not ignore Hayden's individual circumstances. First, the district court discussed Hayden's criminal history score of A and his presumptive sentence of imprisonment, necessitating a dispositional departure to grant probation. Second, it also highlighted Hayden's juvenile criminal history which included convictions for aggravated robbery and aggravated battery. Third, the district court noted Hayden's underlying aggravated escape from custody conviction occurred while on work release for a prior attempted aggravated robbery conviction and that soon after starting probation in this case Hayden had traveled to another state, ingested marijuana, violated curfew, and failed to contact his probation officer.

After its review, the district court found Hayden was "not amenable to probation." We have no trouble concluding a reasonable person could agree with the district court's decision to revoke Hayden's probation and impose his underlying sentence. The district court did not abuse its discretion.

Affirmed.