NOT DESIGNATED FOR PUBLICATION

No. 121,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL LOREN GREINER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed November 25, 2020.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: Paul Loren Greiner appeals the district court's revocation of his probation and imposition of his underlying sentence, arguing the district court abused its discretion by doing so. We disagree and affirm.

As part of a plea agreement with the State, Greiner pled no contest to one count of unlawful use of drug paraphernalia, a class B nonperson misdemeanor. On March 1, 2019, the district court sentenced Greiner three months in the county jail but placed him on probation from that sentence for six months.

On May 6, 2019, the State sought to revoke Greiner's probation, alleging he had (1) failed to report; (2) failed to remain drug free; (3) failed to remain law abiding; (4) failed to notify his probation officer of law enforcement contact; and (5) failed to comply with treatment recommendations.

At the probation revocation hearing held on June 13, 2019, Greiner stipulated to failing to report and failing to remain drug free but disputed the other allegations. Based upon these two stipulations, the district court found Greiner in violation of the terms and conditions of his probation. The State recommended revocation of his probation and imposition of the underlying sentence while Greiner asked for reinstatement to probation. Greiner's probation officer also recommended that Greiner's probation be revoked because Greiner had never been free of drugs during his time on probation. The district court revoked Greiner's probation and ordered him to serve his underlying three-month sentence because it believed jail was Greiner's only chance to be drug free.

On appeal, Greiner argues the district court abused its discretion when it revoked his probation and ordered him to serve his jail sentence because he claims there is no evidence that serving his time in jail will keep him drug free. The State contends Greiner's appeal is moot because he has completed his sentence. Alternatively, it argues the district court did not abuse its discretion by revoking Greiner's probation and ordering him to serve his jail sentence.

Once a probation violation is established, the case's disposition lies within the district court's sound discretion so long as that discretion falls within the parameters of K.S.A. 2019 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) one where no reasonable person would take the district court's view; (2) based on an error of law; or (3) based on an error of fact. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). Greiner has the

2

burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

The State argues this appeal is moot and should be dismissed because Greiner has served the balance of his sentence. However, an appeal will not be dismissed as moot unless "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *State v. Tracy*, 311 Kan. 605, 608, 466 P.3d 434 (2020); *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020). Admittedly, the docketing statement shows Greiner is not incarcerated, and it appears Greiner has likely served his sentence as of the date of this opinion given it was imposed on June 13, 2019. But no notice of change of custodial status is present in the record showing Greiner has completed his sentence. Thus, we choose to resolve this case on the merits because Greiner's appeal fails anyway.

If the original crime of conviction was a misdemeanor, as is the case here, a district court has three options at its disposal when an offender violates probation: (1) continue or modify probation; (2) impose an intermediate two- or three-day jail sanction; or (3) revoke probation and order the defendant to serve the underlying sentence or any lesser sentence. K.S.A. 2019 Supp. 22-3716(b)(3)(B). Here, the district court chose option three—revoking Greiner's probation and ordering him to serve his underlying sentence.

Greiner acknowledges the district court had the authority to revoke his probation but argues the decision was unreasonable because the district court was wrong to think three months in jail would keep him drug free. However, Greiner barely lasted two months before violating his probation and admitted his failure to remain drug free. At the probation revocation hearing, the district court explained that it believed Greiner's only chance to remain drug free was for him to serve his jail term. Greiner's probation officer

recommended that disposition, telling the district court that Greiner had never been clean since being placed on probation. Greiner's probation officer believed the only way Greiner would be drug free was by serving his jail sentence.

In light of this record, Greiner fails to persuade us that no reasonable person would agree with the district court's decision to revoke Greiner's probation and order him to serve his three-month jail sentence. We see no abuse of discretion.

Affirmed.