NOT DESIGNATED FOR PUBLICATION

No. 122,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KWANZAA OBA OWENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: Kwanzaa Oba Owens appeals the district court's revocation of his probation and refusal to modify his sentence downward, claiming it abused its discretion. We granted Owens' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State has responded by asking that the district court be affirmed. After a review of the record, we agree with the State and affirm.

As part of a plea agreement, Owens pleaded guilty to one count of felony aggravated battery and two counts of misdemeanor battery. Consistent with that agreement, Owens filed a motion for a downward dispositional departure to probation prior to sentencing. At sentencing on January 9, 2020, Judge Kevin M. Smith sentenced

1

Owens to 37 months' imprisonment for aggravated battery, 6 months in the county jail for each count of battery, ran all three sentences consecutive to each other, but granted Owens his request for a dispositional departure to probation from his sentence for 24 months.

Just three months into his probation, Owens appeared before Judge William S. Woolley, having been accused by the State of violating the terms and conditions of his probation after testing positive for cocaine. Owens stipulated to violating his probation but asked for continued probation. The State sought revocation on the grounds that Owens was not amenable to probation. The district court agreed with the State due to the fact that Owens had been placed on probation initially as a result of a dispositional departure. In response, Owens asked that his sentence be reduced, but the district court was unyielding and imposed his underlying sentence.

Owens now appeals. Once a probation violation is established, the case's disposition lies within the district court's sound discretion so long as that discretion falls within the parameters of K.S.A. 2019 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial action is abused if the action (1) is one where no reasonable person would take the view adopted by the district court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). Owens bears the burden to establish an abuse of discretion. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

District courts possess limited authority to revoke probation. See *State v. Dooley*, 308 Kan. 641, 646-48, 423 P.3d 469 (2018). A district court may revoke an offender's probation and impose the underlying sentence if probation was originally granted as the result of a dispositional departure. K.S.A. 2019 Supp. 22-3716(c)(7)(B).

Here, it is undisputed that the district court granted Owens probation as a result of a dispositional departure. The district court cited Owens' admission that he violated his probation and the fact that he was granted a dispositional departure to support its decision to revoke Owens' probation and impose his underlying sentence. We conclude a reasonable person could agree with the district court's decision because Owens was given an opportunity to avoid prison when he was placed on probation. Owens squandered his chance by testing positive for cocaine after just a few months.

Owens also argues the district court abused its discretion when it denied his request to modify his underlying sentence after revoking his probation. He cites the district court's failure to give a specific reason for refusing to modify his sentence and claims having to serve his misdemeanor sentences in the county jail after completing his prison sentence would be counterproductive. It is true the district court did not state a reason for refusing to modify Owens' sentence. But given the district court's comments as to why it was revoking Owens' probation, implicit in the district court's refusal to modify his sentence was the rationale that Owens was given the grace of a dispositional departure to probation at his initial sentencing and Owens responded to that grace by violating his probation early in his probation term. Clearly, the district court viewed a reduction in Owens' sentence as unwarranted. Owens fails to persuade us that no reasonable person would agree with the district court's refusal to modify his sentence.

Affirmed.