NOT DESIGNATED FOR PUBLICATION

No. 123,041

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES GARRETT JOHNSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed February 19, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: James Garrett Johnson appeals the district court's revocation of his probation. We granted Johnson's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). Finding no error, we affirm.

In 17CR125, Johnson pled guilty to one count of indecent liberties with a child and was sentenced to 36 months' imprisonment with 24 months' postrelease supervision. The district court then granted Johnson probation for a term of 36 months. Probation did not go well, and Johnson's community corrections officer moved to revoke Johnson's probation because Johnson had violated the conditions of his probation in many ways, including his failure to register as a sex offender on October 2, 2018. Based on Johnson's

1

failure to register, the State charged Johnson with violating the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., in 18CR187. Johnson pled guilty as charged.

Thereafter, the district court held a joint probation violation hearing in 17CR125 and sentencing hearing in 18CR187. At the hearing, Johnson stipulated he violated the conditions of his probation as alleged by his community corrections officer in the motion to revoke his probation. Johnson then asked the district court for leniency and allow him to remain on probation in 17CR125 and sentence him to probation in 18CR187, claiming he had made substantial efforts to improve his life while serving probation and waiting in jail for the joint hearing to occur.

The district court denied Johnson's request for his probation to be reinstated, finding Johnson had been convicted of a new crime while on probation in 17CR125. The district court then ordered Johnson's original prison sentence of 36 months be served.

On appeal, Johnson argues he had made efforts to improve his life while on probation and while in jail leading up to the joint hearing on his probation violation and his sentencing in 18CR187. Johnson now claims the district court abused its discretion by revoking his probation.

We review the district court's decision to revoke an offender's probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191(2006). The district court abuses its discretion if its decision is based on an error of fact, an error of law, or an otherwise unreasonable ground. See *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019).

Although the State did not charge Johnson until 2017, Johnson committed the crime of indecent liberties with a child in June 2015. Thus, the laws in effect when

Johnson committed his crime control the district court's authority to revoke Johnson's probation. See *State v. Kurtz*, 51 Kan. App. 2d 50, 55, 340 P.3d 509 (2014) (holding law in effect on date offender committed crime governs offender's penalties). K.S.A. 2014 Supp. 22-3716(c)(8), which was in effect when Johnson committed his crime, provides the district court may immediately revoke an offender's probation "[i]f the offender commits a new felony . . . while the offender is on probation . . . ."

Here, it is undisputed Johnson committed a new felony by violating KORA while on probation. The district court relied on Johnson's commission of this new felony and utilized its broad discretion under K.S.A. 2014 Supp. 22-3716(c)(8) to revoke his probation. The district court did not abuse its discretion when it denied Johnson's request to have his probation reinstated.

Affirmed.