NOT DESIGNATED FOR PUBLICATION

No. 123,660

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE LUIS PEREZ-SANCHEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 17, 2021. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.


PER CURIAM: Jose Luis Perez-Sanchez appeals the district court's denial of his presentence motion to withdraw plea. Perez-Sanchez pled guilty to robbery and fleeing or attempting to elude an officer. His main claim on appeal is that because of an alleged language barrier, he did not understand the consequences of his plea and believed he would receive a 36-month prison sentence instead of the recommended 60-month sentence. Finding no abuse of discretion, we affirm the district court's judgment.

1

FACTS

On January 29, 2020, the State charged Perez-Sanchez with one count each of robbery, aggravated assault, and fleeing or attempting to elude an officer. The alleged facts supporting the charges are not relevant to this appeal. Perez-Sanchez completed a financial affidavit in English, and the district court appointed counsel to represent him.

At his preliminary hearing, Perez-Sanchez appeared in person, without an interpreter, and by his attorney, J. Houston Bales. Perez-Sanchez orally moved the district court to appoint him new counsel. Perez-Sanchez said, "I really don't trust [Bales]." He also argued that Bales showed a lack of interest in his case and refused to do what Perez-Sanchez asked him to do. Perez-Sanchez told the judge, "[H]e told me that I was in the H box and now they [are] saying that I'm in the C box." Perez-Sanchez' conversation with the judge was in English and covered four pages of the hearing transcript.

In response, Bales explained that his initial discussions about Perez-Sanchez' criminal history score were based on Perez-Sanchez' account of his past convictions. According to Bales, because Perez-Sanchez was not truthful about his convictions in other states, the presentence investigation report yielded a worse criminal history score than Bales expected. The district court denied Perez-Sanchez' request for new counsel finding no reasonable basis for replacement. After the district court's ruling, Perez-Sanchez waived his right to a preliminary hearing.

On August 10, 2020, the district court held a plea hearing where Perez-Sanchez appeared in person, without an interpreter, and by his attorney, Bales. The district court conducted the proceedings entirely in English. The parties announced to the court that Perez-Sanchez agreed to plead guilty to robbery and fleeing or attempting to elude an officer in exchange for the State dismissing the aggravated assault charge. The parties agreed to recommend the high number in the appropriate grid box with the sentences on

each count to run concurrently. The written plea agreement expressly stated the State anticipated Perez-Sanchez was in criminal history category C. The acknowledgment of rights form advised Perez-Sanchez that his sentencing range for robbery was 31 to 136 months' imprisonment and his sentencing range for fleeing or attempting to elude an officer was 5 to 17 months' imprisonment. The district court judge asked Perez-Sanchez several questions about the plea agreement and the acknowledgment of rights document.

"THE COURT: And did you read both these documents?

"[PEREZ-SANCHEZ]: Yes.

"THE COURT: And did you go over them with your attorney, Mr. Bales, and have him explain them to you?

"[PEREZ-SANCHEZ]: Yes.

"THE COURT: Do you have any questions about either one of those documents?

"[PEREZ-SANCHEZ]: No.

"THE COURT: Do you fully understand both documents?

"[PEREZ-SANCHEZ]: Yes."

The district court informed Perez-Sanchez of the rights he was waiving. After the reading of each right, the district court asked if Perez-Sanchez understood. He answered affirmatively each time. The district court also told Perez-Sanchez the prison term range for each count: 31 to 136 months for robbery and 5 to 17 months for fleeing or attempting to elude an officer. Again, Perez-Sanchez confirmed his understanding.

Then the district court had the following conversation with Perez-Sanchez:

"THE COURT: Now, within the last 24 hours have you used or consumed any alcohol, medication or other drug, to the extent that your ability to understand your rights and make decisions would be affected?

"[PEREZ-SANCHEZ]: No, Your Honor.

"THE COURT: Is there any medical, physical or mental health reason that would cause you difficulty in understanding your rights, making decisions and moving forward today?

"[PEREZ-SANCHEZ]: No, Your Honor.

"THE COURT: Are you satisfied with the services of your attorney?

"[PEREZ-SANCHEZ]: Yes, Your Honor.

"THE COURT: Are you satisfied with how the Court has treated you?

"[PEREZ-SANCHEZ]: Yes, Your Honor.

"THE COURT: Is it still your desire to give up your rights?

"[PEREZ-SANCHEZ]: Yes, Your Honor."

Following this conversation, Perez-Sanchez pled guilty to robbery, fleeing or attempting to elude an officer, and admitted to a factual basis for the plea. The district court found that Perez-Sanchez understood the nature of the charges and the consequences of the plea, and that he freely, voluntarily, and intelligently waived his rights. The district court accepted the plea and scheduled the case for sentencing.

Two weeks later, before sentencing, Perez-Sanchez filed a pro se motion to withdraw his plea. The motion was five pages long and written in English. In the motion, Perez-Sanchez generally alleged that he did not understand the consequences of his plea and that Bales failed to adequately advise him about the plea. The district court appointed new counsel and set a hearing date for the motion.

On December 2, 2020, the district court held an evidentiary hearing on the motion to withdraw plea. The same judge who presided over the preliminary hearing waiver and the plea hearing presided over the hearing on the motion to withdraw plea. Perez-Sanchez appeared in person, with an interpreter, and by his new counsel, Chrystal Krier. Perez-Sanchez testified through the interpreter that Spanish was his native language, that he only understood English "a little bit," and that he did not know how to read or write in English. He testified that Bales never asked him if he understood English or if he needed

4

an interpreter, but he also admitted on cross-examination that he did not express a need or ask for an interpreter. Perez-Sanchez testified that a Puerto Rican friend responded on his behalf to the 25 or more emails that Bales sent him because he did not read or write English. He said that his friend also wrote his pro se motion to withdraw his plea.

Perez-Sanchez testified that Bales read the plea agreement to him very quickly and told him to sign it. He testified that Bales lead him to believe that the court would sentence him to 36 months in jail based on a criminal history score of H, not 60 months based on a score of C. Perez-Sanchez said that he did not ask Bales any questions about the plea before signing it because, "I trusted [Bales]." Perez-Sanchez also testified that he was taking medicine in August 2020 for his "mental problem." Perez-Sanchez testified that Bales never asked about medications, nor did he tell Bales about his medication.

The State called Bales to testify. Bales testified that he had initial concerns about Perez-Sanchez' ability to understand their conversations—not because of a language barrier but for competency reasons. Bales testified that he met with Perez-Sanchez at least three times in person and communicated by email. He testified that all their conversations were in English and that he never had any indication that Perez-Sanchez did not understand the communication or required an interpreter. Bales told the district court that although he was rushed, he read Perez-Sanchez the plea agreement in its entirety. After hearing the evidence, the district court took the matter under advisement.

On January 8, 2021, the district court denied Perez-Sanchez' motion to withdraw plea. Relevant to this appeal, the district court found there was no evidence that Perez-Sanchez lacked understanding when entering his plea. The district court noted that Perez-Sanchez never said he had a language problem or asked for an interpreter. Instead, he had discussions where he responded to Bales about specific facts and engaged with the district court in prior hearings with extensive dialog without the aid of an interpreter. The district court relied on its own experience with Perez-Sanchez to find that he could

clearly understand, communicate, and articulate the English language. The district court also found from the evidence that Perez-Sanchez knew his criminal history score was C. As a result, the district court found that the plea was fairly and understandably made.

Following its ruling, the district court sentenced Perez-Sanchez to 60 months' imprisonment with 24 months' postrelease supervision based on the plea agreement. Perez-Sanchez timely appealed the district court's judgment.

## ANALYSIS

On appeal, Perez-Sanchez claims the district court erred in denying his motion to withdraw plea. He mainly argues that because of the alleged language barrier, he did not understand the consequences of his plea and believed he would receive a 36-month prison sentence instead of the recommended 60-month sentence. At the hearing in district court on the motion to withdraw plea, Perez-Sanchez referred to a "mental problem" and medication he was taking for this problem which affected his ability to understand the plea. But Perez-Sanchez does not renew this claim on appeal. An issue not briefed is deemed waived and abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The State asserts the district court did not abuse its discretion in denying the motion to withdraw plea. The State argues that the record reflected Perez-Sanchez' clear understanding of English, and he failed to show good cause to withdraw his plea.

We review the district court's decision denying a motion to withdraw plea for abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Perez-Sanchez does not argue that the district court made an error of law or fact, so we review for an abuse of discretion under the first prong. An

6

action is arbitrary, fanciful, or unreasonable when no reasonable person would have taken the action of the district court. *State v. Aguirre*, 313 Kan. 189, 195, 485 P.3d 576 (2021). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A district court may allow a defendant to withdraw a guilty plea for good cause any time before sentencing. K.S.A. 2020 Supp. 22-3210(d)(1). In deciding whether good cause exists to withdraw a plea, the district court considers the following, nonexclusive, factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edwards*, 309 Kan. 830, 836, 440 P.3d 557 (2019); *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

On appeal, Perez-Sanchez argues that he showed good cause under the third *Edgar* factor—whether the plea was fairly and understandingly made. He argues that he established good cause by testifying that he did not understand the plea agreement because he did not understand written or spoken English and he was not provided an interpreter. Perez-Sanchez presented testimony that Bales told him he would get 36 months' prison term based on a criminal history score of H, not 60 months based on a score of C. And because of the language barrier he did not fairly and understandingly make his plea. The State argues that Perez-Sanchez' claim is refuted by the record and that the district court made its judgment based on credibility determinations.

At the hearing on the motion to withdraw plea, Bales testified that he never had concerns about Perez-Sanchez understanding English. Bales also testified that he read the acknowledgment of rights form to Perez-Sanchez before he signed it, although Bales admitted he was rushed on the day of the hearing. The record showed that Perez-Sanchez understood he was in criminal history category C at the earlier hearing where he asked

7

the district court for new counsel. And the written plea agreement expressly stated the State anticipated Perez-Sanchez was in criminal history category C.

Perez-Sanchez' argument fails because the record establishes that he understood the consequences of his plea and he failed to show good cause to withdraw it. When the district court denied Perez-Sanchez' motion to withdraw plea from the bench, the district court cited these facts in support of its decision: (1) Perez-Sanchez never said he did not understand English; (2) Perez-Sanchez never asked for an interpreter; (3) Perez-Sanchez engaged in extensive written and spoken communication with Bales about representation; (4) Perez-Sanchez interacted with the district court through lengthy, non-scripted conversation about removal of Bales where he was "clearly understanding, clearly communicating, clearly articulate in the English language"; (5) Perez-Sanchez participated in back-and-forth dialog with the district court where Perez-Sanchez appropriately answered questions about waiving his rights, entering his plea, and acknowledging his understanding of the plea and proceedings.

The district court found the facts "overwhelmingly" showed that Perez-Sanchez had "an excellent understanding of the English language" and could communicate as if English were his first language. The district court also found from the evidence that Perez-Sanchez knew his criminal history score was C. Perez-Sanchez does not challenge these findings but points to his testimony and asks this court to find that he established good cause to withdraw his plea. But it is clear the district court made credibility determinations against Perez-Sanchez in denying his motion. Perez-Sanchez testified at the hearing that he did not ask Bales any questions about the plea agreement before signing it because he trusted Bales. But this testimony was contradicted by Perez-Sanchez' earlier request for new counsel because he could not trust Bales. This court does not reweigh evidence or assess witness credibility. *Edwards*, 309 Kan. at 836.

8

We find it significant that the same judge presided over the preliminary hearing waiver, the plea hearing, and the hearing on the motion to withdraw plea. In denying the motion to withdraw plea, the district court analyzed the three *Edgar* factors, focusing on whether the plea was fairly and understandingly made. See 281 Kan. at 36. Because the same judge presided over all Perez-Sanchez' hearings and appearances, he observed Perez-Sanchez when he said that he understood his rights, that he understood the charges against him, and that he understood he was entering a plea on his own volition. The district court was in the best position to resolve conflicts in the testimony and determine that Perez-Sanchez' plea was fairly and understandably made. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012).

In sum, the district court relied on the record and its ability to witness Perez-Sanchez' demeanor in finding that he failed to show good cause to withdraw his plea. The district court properly analyzed the third *Edgar* factor in deciding whether the plea was fairly and understandingly made. See 281 Kan. at 36. On appeal, Perez-Sanchez fails to show the district court abused its discretion in denying his motion to withdraw plea.

Affirmed.