NOT DESIGNATED FOR PUBLICATION

No. 125,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BERNADETTE ASHLEY CORDERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 27, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Bernadette Ashley Cordero appeals the revocation of her probation. We granted Cordero's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48), and the State agrees that summary disposition is appropriate.

Cordero pleaded guilty to possession of methamphetamine with intent to distribute, in violation of K.S.A. 2017 Supp. 21-5705(a)(1). At sentencing, the district court granted Cordero's motion for dispositional departure and sentenced her to 100 months' imprisonment. It then suspended that sentence and placed her on probation for 36 months.

1

But Cordero violated the terms of her probation and stipulated that she had done so. The district court then revoked her probation based on her continued use of methamphetamine and ordered her to serve a modified 96-month prison sentence. Cordero timely appeals.

Generally, under K.S.A. 2021 Supp. 22-3716, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the trial court's sound discretion. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A trial court abuses its discretion when its decision is based on an error of fact or law or if no reasonable person would agree with its decision. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). The party asserting that the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). Here, that burden falls on Cordero.

The district court showed leniency at sentencing by granting Cordero a dispositional departure to probation, even though Cordero was not fully compliant with conditions of presentencing release. As the district court explained to Cordero, the dispositional departure to probation was her opportunity to avoid incarceration.

> "I am going to follow the plea agreement. I will tell you, you struck gold twice on this case. The first time when you entered into a plea agreement that contemplated probation for you. The second time—and [your attorney] did a marvelous job, and the State was very, very cooperative because we see the potential in you. But then when you violated in Mulvane, [the State] didn't have to recommend this, but we still see there is a tremendous upside in you and we want to give you that chance. But it's in your hands. You have to really work at it.

> "I don't know if I've ever seen in the years that I've done this somebody that's had two chances at this like you have and you still get a chance to go on probation."

2

Because the court granted a dispositional departure, it did not have to impose an intermediate sanction before revoking probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). It thus had the authority to impose imprisonment. The court's decision to revoke probation was not based on any error of fact or law. And having reviewed the record, we cannot find that no reasonable person would agree with its decision. Cordero has thus failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her modified prison sentence.

Affirmed.