NOT DESIGNATED FOR PUBLICATION

Nos. 126,562
126,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIAM DOUGLAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Seward District Court; CLINT PETERSON, judge. Submitted without oral argument. Opinion filed May 2, 2025. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.


Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.


PER CURIAM: Tiam Douglas appeals the district court's denial of his motion to withdraw the no contest plea he entered to two counts of violating the Kansas Offender Registration Act. He claims the district court erred in denying his motion by not inquiring into a potential conflict of interest between Douglas and his attorney, which deprived Douglas of a meaningful opportunity to demonstrate good cause to withdraw his plea. After reviewing the record, we find neither Douglas nor the circumstances put the district court on notice that there was a conflict of interest between Douglas and his attorney. We therefore affirm the district court's decision to deny the motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In two cases, Douglas was charged with and pled no contest to violating the Kansas Offender Registration Act. At his plea hearing, the district court explained Douglas' rights to him and said if he was convicted of the offenses, he would face a maximum penalty of 46 months in prison plus postrelease supervision for each count. When asked how he pled to the two charges, Douglas responded both times that he understood the penalties associated with the charges and he pled no contest.

Before sentencing, Douglas moved to withdraw his plea and stated simply that he should be allowed to do so "in the interest of justice."

The district court took up Douglas' motion at his sentencing hearing. Douglas' attorney told the court that Douglas wanted to withdraw his pleas because he thought he would be released from jail after he pled. But, instead, he was held in custody because of a hold relating to a Harvey County case. Because of this hold, the Kansas Department of Corrections (KDOC) issued warrants for his arrest after he entered the pleas in this case. Douglas' attorney said Douglas was unaware of this Harvey County hold and admitted she was also unaware of the hold when she advised Douglas about accepting the plea offer.

The district court denied Douglas' motion. It pointed out that Douglas did not claim the terms of the plea agreement were unfair or inappropriate and noted that simply because the sentence and the effects of a plea agreement were not consistent with Douglas' anticipated consequences, that cannot be a basis to grant a motion to withdraw the plea. It then sentenced Douglas to 43 months in the KDOC and 24 months of postrelease supervision. But it suspended his sentence by granting a downward dispositional departure to 24 months' probation.

Douglas timely appeals.

REVIEW OF DOUGLAS' APPELLATE CHALLENGE

On appeal, Douglas contends the district court erred by failing to inquire about a possible conflict between him and his counsel. He claims the district court should have been aware that there was a possible conflict between Douglas and his counsel because Douglas said he had asked the jail if he had any holds and his attorney was unaware of his holds when she advised him on the advisability of accepting the plea offer. He argues the conflict was obvious because his counsel could not simultaneously contradict her client's statements and represent her client's best interests. And while he claims he argued to the district court that his attorney's lackluster performance was a reason to set aside his plea, he does not raise this reason on appeal.

Appellate courts review a district court's decision to deny a presentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party seeking to withdraw the plea bears the burden of establishing abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). A judicial action constitutes an abuse of discretion if: (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

K.S.A. 22-3210(d)(1) provides that a presentence motion to withdraw a guilty plea may be withdrawn "for good cause shown and within the discretion of the court." To determine whether a defendant has shown good cause to withdraw a plea, a district court should consider the three *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). All three *Edgar* factors

"need not apply in a defendant's favor in every case." *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010). And these factors should not be applied mechanically. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

To begin, neither Douglas nor his attorney mentioned any conflict of interest had arisen between them in the motion or at a hearing. Instead, they were aligned in advocating the reason Douglas should be allowed to withdraw his plea. The Kansas Supreme Court has held that when a district court "becomes aware of a possible conflict of interest between an attorney and a defendant charged with a felony, the court has a duty to inquire further." *State v. Taylor*, 266 Kan. 967, 979, 975 P.2d 1196 (1999). And its "failure to inquire after becoming aware of a potential attorney-client conflict is an abuse of discretion." *State v. Prado*, 299 Kan. 1251, 1256-57, 329 P.3d 473 (2014). But Douglas points to no facts which would put the court on notice of a conflict of interest.

Douglas and his attorney agreed that they were unaware of any purported holds. There was no conflict between the two. The situation is very different from the cases he relies on—*Taylor* and *Prado*.

The defendant in *Taylor* explicitly alleged problems with his attorney during the hearing on his motion to withdraw his plea and even sought a continuance so he could hire new counsel. 266 Kan. at 972-75. Our Supreme Court determined that "[t]he problem here is that the district court never allowed Taylor an opportunity to explain his perception of the alleged conflict before denying the request for new counsel." 266 Kan. at 975.

In *Prado*, the defendant requested to withdraw his plea, alleging deficiencies in his counsel's performance during plea negotiations. And more significantly, Prado's attorney explicitly advocated against Prado's interest and argued against the merits of Prado's motion to withdraw his plea. 299 Kan. at 1259.

4

But Douglas' attorney did not argue against his interest or the merits of his motion. She admitted she was unaware of the circumstances Douglas claimed for the basis for the withdrawal of his plea. She did not contradict Douglas' statements or argue against his interest, so no conflict was apparent.

Douglas does not claim the district court misperceived the reason he wanted to withdraw his plea nor does he assert a different reason on appeal. Instead, he argues—without explanation—that the alleged conflict between him and his attorney deprived him of a "meaningful opportunity to show 'good cause' to withdraw his pleas." But both he and his attorney appeared to fully explain the reason Douglas wanted to withdraw his pleas and he points to no other facts showing he made the district court aware of a purported conflict. The district court understood Douglas wanted to withdraw his pleas because he suffered what Douglas and his attorney claimed after the fact were unexpected consequences. And Douglas does not challenge the court's reason for why it denied his motion. He only claims the court should have perceived a conflict between Douglas and his attorney. We find the record does not support his claim on appeal and therefore affirm the district court's denial of Douglas' motion.

Affirmed.